IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, and VMWARE, Inc.,<br><br>Defendants. | Case No. 6:20-cv-00486-ADA<br><br>**JURY TRIAL DEMANDED** |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| | | |
|---|---|---|
| 1. | Sender | The Honorable Judge Alan D Albright, District Judge United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
| 2. | Central Authority of the Requested State | Rechtbank Den Haag<br>Sector Civiel & Algemene Zaken<br>Postbus 20302<br>2500 EH THE HAGUE<br>The Netherlands<br>evidence.convention.rb.den.haag@rechtspraak.nl |
| 3. | Person to whom the executed request is to be returned | This Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below. |
| 4. | Specification of the date by which the requesting authority | June 1, 2021 |

| requires receipt of the response to the Letter of Request | |
| --- | --- |

In conformity with Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), the undersigned has the honor to submit the following request. This Court respectfully requests that the District court of The Hague, the Netherlands, which has been designated pursuant to the Convention as the Dutch Central Authority, through your usual and proper process, compel the appearance of the Dutch individuals (i) Mr Antonius Mathias Johannes Maria van den Boom (ii) Mr Willem Hendrik Michel van Oordt and (iii) Mr Antonius Jacobus van der Geest, each duly authorized to represent Nokia Solutions & Networks B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) under the laws of the Netherlands, trade register number 34259706 (the **"Company"**) as statutory director (*statutair bestuurder*) of the Company (collectively referred to as **"Authorized Representatives"** and each an **"Authorized Representative"**) to give evidence for use at the trial of the above-captioned matters. In addition, this Court requests that the Court of The Hague requires each Authorized Representative of Nokia Solutions & Networks B.V. to produce copies of specific documents in his possession, or which he has at his disposal, for inspection. Since, according to Dutch case law, the Convention cannot provide more possibilities than national law, the undersigned emphasizes that this Letter of Request seeks the use of the Dutch national procedures relating to document production in conformity with Article 843a of the Dutch Code of Civil Procedure ("DCCP").

Article 843a DCCP requires that the applicant has a legitimate interest in the production of such documents, and also that the requested documents are related to a legal relationship to which the applicant or its legal predecessor is a party. It is not required that the person who has to produce

documents is a party to the aforementioned legal relationship.[1]  Furthermore, the application should pertain to specific documents, in which context it is noted that the documents need not be designated individually: a general description of documents pertaining to a specific subject matter regarding a certain time frame[2] or a file and the involved persons and/or authorities may qualify as sufficiently specific.[3]

Regarding the first requirement, the applicant Defendants have a legitimate interest in the requested documents because these documents are necessary for a full and fair determination of the validity and enforceability of the Patents in Suit.  In this context, the undersigned also refers to section 8 (subsection and b) from this Request for additional information on the interest of applicant Defendants in the production of the relevant documents.  Applicant Defendants are parties to legal proceedings alleging patent infringement pending in the United States.  According to article 1019a DCCP, unlawful acts such as an alleged patent infringement are considered to be a legal relationship within the meaning of Article 843a DCCP.  Under Article 843a DCCP documents can also be requested with a view to foreign legal proceedings.[4]  Finally, applicant Defendants request access to specific documents, as listed in Exhibit II.

For reasons of completeness, it should be noted that section 4(a) of article 843a DCCP provides that a party controlling documents that should be produced shall not be obliged to do so if there are overriding interests not to do so or if it can be assumed that justice can be properly administered without the requested documents.  However, in the context of intellectual property

---

[1] *See* Supreme Court of the Netherlands 10 July 2015, *RvdW* 2015/1410.

[2] *See, e.g.*, District Court Rotterdam 1 April 2009, BI1747.

[3] *See* Supreme Court of the Netherlands 26 October 2012, *NJ* 2013/220 (*Theodoor Gillissen Bankiers N.V.*).

[4] Supreme Court of the Netherlands 8 June 2012 (*Abu Dhabi Islamic Bank vs. ABN AMRO*), ECLI:NL:HR:2012:BV8510.

disputes, Article 1019a section (3) provides that section (4) of Article 843a DCCP is not applicable. At the same time, Article 1019a (3) DCCP provides that the application shall be refused if the confidentiality of any confidential information is not safeguarded. In this context it is noted that the Defendants shall not use the documents for any purpose other than the present litigation, and are prepared to give further undertakings if the Dutch Court deems necessary in the interests of the parties involved.

This request is in the interests of justice, as the requested deposition and documents are necessary for a full and fair determination of the matters in issue between the parties in the proceeding pending in this Court.

| | | |
|---|---|---|
| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable Judge Alan D Albright, District Judge United States District Court for the Western District of Texas, Waco Division 800 Franklin Avenue Room 301 Waco, Texas 76701 USA |
| | b. To the competent Authority of (Article 3, a) | The Netherlands |
| | c. Names of the case and any identifying number | *WSOU Investments LLC v. Dell Technologies Inc.* Case No. 6:20-cv-00486-ADA, United States District Court for the Western District of Texas |
| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | |
| | a. Plaintiffs | WSOU Investments LLC |
| | Representatives | WSOU is represented by: **Brett Aaron Mangrum** Etheridge Law Group 2600 East Southlake Blvd., Suite 120-324 |

| | |
|---|---|
| | Southlake, TX 76092<br>469-401-2659<br>Fax: 817-887-5950<br>Email: brett@etheridgelaw.com<br><br>**Jeffrey Huang**<br>Etheridge Law Group PLLC<br>2600 East Southlake Blvd<br>Suite 120-324<br>Southlake, TX 76092<br>408-797-9059<br>Fax: 817-887-5950<br>Email: jhuang@etheridgelaw.com<br><br>**Ryan Scott Loveless**<br>Etheridge Law Group PLLC<br>2600 E Southlake Blvd<br>Suite 120-324<br>Southlake, TX 76092<br>972-292-8303<br>Fax: 817-887-5950<br>Email: ryan@etheridgelaw.com<br><br>**James L. Etheridge**<br>Etheridge Law Group, PLLC<br>2600 E. Southlake Blvd., Suite 120-324<br>Southlake, TX 76092<br>817-470-7249<br>Fax: 817-887-5950<br>Email: jim@etheridgelaw.com |
| b. Defendants | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware Inc. (collectively "Defendants") |
| Representatives | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware Inc. are represented by:<br><br>Shelton Coburn LLP:<br><br>**Barry K. Shelton**<br>Shelton Coburn LLP<br>311 RR 620 S<br>Suite 205<br>Austin, TX 78734-4775<br>512-263-2165 |

| | | |
|---|---|---|
| | Fax: 512-263-2166<br>Email: bshelton@sheltoncoburn.com<br><br>The Defendant has appointed legal counsel in the Netherlands to pursue and assist with the commission to take evidence. The details of the Defendant's legal counsel in the Netherlands are:<br><br>**Barbara F.H. Rumora-Scheltema**<br>NautaDutilh N.V.<br>Beethovenstraat 400<br>1082 PR Amsterdam<br>The Netherlands<br>Tel: +31  20 71 71 449 |Fax: +31  20 71 71 361<br>Email: barbara.rumora-scheltema@nautadutilh.com<br><br>**Anne Marie E. Verschuur**<br>NautaDutilh N.V.<br>Beethovenstraat 400<br>1082 PR Amsterdam<br>The Netherlands<br>Tel: +31 20 71 71 821 |Fax: +31 20 71 71 335<br>Email: annemarie.verschuur@nautadutilh.com | |
| | c. Other parties | N/A |
| | Representatives | N/A |
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil action alleging patent infringement under the patent laws of the United States. |
| | b. Summary of complaint | Plaintiff alleges that it is the sole owner of all rights, title, and interest in, *inter alia*, the following United States patent: U.S. Patent No. 7,453,360 (the "'360 patent"), titled *Stackable virtual local area network* |

| | |
|---|---|
| | *provisioning in bridged networks,* which issued on November 18, 2008.<br><br>Plaintiff alleges that the Defendants infringe the '360 patent and seeks money damages.<br><br>Discovery sought in this Letter of Request is relevant in Case No. 6:20-cv-00486-ADA. |
| c. Summary of defense and counterclaim | In defense against WSOU's claims of patent infringement of the '360 patent, Defendants assert, *inter alia*, that they do not infringe any of claims of the '360 patent, directly or indirectly, and that the claims of the '360 patent are invalid unenforceable.<br><br>Each Authorized Representative of Nokia Solutions & Networks B.V. has knowledge of the facts relevant to Defendants' defenses. Each Authorized Representative of Nokia Solutions & Networks B.V. is relevant to the action by virtue of being a former assignee of the '360 patent. Each Authorized Representative of Nokia Solutions & Networks B.V. holds critical facts to this case, including facts relevant to a number of defenses raised by Defendants and any potential damages, including information related to the prosecution of the '360 patent; prior uses and/or sales or products and services incorporating the '360 patent, publications related to the concepts claimed in the '360 patent; commercialization, production and/or commercial embodiments related to the '360 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '360 patent; the ownership and financial interests in the '360 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '360 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '360 patent. And, financial knowledge including valuation and royalties associated with the '360 patent or any license and/or agreement covering the '360 patent; and other financial interests (including revenue, costs, expenses and profits) as well as financial interests and information related to the '360 patent. |

| | |
|---|---|
| d. Other necessary information or documents | Nokia Solutions & Networks B.V., having its statutory seat in the Hague and its registered office address at Antareslaan 1, 2132 JE Hoofddorp, the Netherlands, is a former assignee of the '360 patent.<br><br>Because the validity of the '360 patent is a critical issue in this proceeding, this Court is endorsing Defendants' request to take the deposition testimony of each Authorized Representative of Nokia Solutions & Networks B.V. and require each Authorized Representative of Nokia Solutions & Networks B.V. to produce specific documents in his possession, or which he has at his disposal.<br><br>Nokia Solutions & Networks B.V.'s current registered office address is:<br><br>Antareslaan 1 Hoofddorp,<br>2132 JE, The Netherlands<br><br>**Authorized Representatives:**<br>Antonius Mathias Johannes Maria van den Boom<br>IJweg 1189, 2133 MJ<br>Hoofddorp, The Netherlands<br><br>Willem Hendrik Michel van Oordt<br>Rijksboom 90, 3071 AX<br>Rotterdam, The Netherlands<br><br>Antonius Jacobus van der Geest<br>Laurentiusweer 21, 2265 DD<br>Leidschendam, The Netherlands |
| 8.   a. Evidence to be obtained or other judicial act to be performed (Article 3d), | In order to present their defenses that the '360 patent is not infringed, invalid, and unenforceable, Defendants require access to highly relevant evidence in the possession of each Authorized Representative of Nokia Solutions & Networks B.V. regarding the conception and reduction to practice of the invention claimed in the '360 patent.  In particular, Defendants have a reasonable interest in determining when the claimed inventions were conceived and reduced to practice.  Finally, it is important for the position of Defendants that the roles and contributions of each Authorized Representative of Nokia Solutions & Networks B.V. , and any others to the conception |

| | |
|---|---|
| | and/or reduction to practice of the invention claimed in the '360 patent are clarified.<br><br>Defendants request the production of certain relevant documents that are, or most likely are, in the possession each Authorized Representative of Nokia Solutions & Networks B.V., or which he most likely has at his disposal. A list of the requested documents is attached as Exhibit I1.<br><br>To further clarify the evidence sought, attached as Exhibit I2 is an outline of the topics and issues about which counsel for Defendants intends to inquire of each Authorized Representative of Nokia Solutions & Networks B.V. |
| b. Purpose of the evidence or judicial act sought | With respect to the '360 patent, each Authorized Representative of Nokia Solutions & Networks B.V. has information and knowledge relating to the prosecution of the '360 patent; prior uses and/or sales or products and services incorporating the '360 patent, publications related to the concepts claimed in the '360 patent; commercialization, production and/or commercial embodiments related to the '360 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '360 patent; the ownership and financial interests in the '360 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '360 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '360 patent. And, financial knowledge including valuation and royalties associated with the '360 patent or any license and/or agreement covering the '360 patent; and other financial interests (including revenue, costs, expenses and profits) as well as financial interests and information related to the '360 patent.<br><br>This evidence is directly relevant to Defendants' claims that the '360 patent is not infringed, invalid, and unenforceable and to determine any alleged damages under United States patent law. |

| | | |
|---|---|---|
| 9. | Identity and address of any person to be examined (Article 3, e) | Nokia Solutions & Networks B.V.<br>Antareslaan 1 Hoofddorp,<br>2132 JE, The Netherlands<br><br>**Authorized Representatives:**<br>Antonius Mathias Johannes Maria van den Boom<br>IJweg 1189, 2133 MJ<br>Hoofddorp, The Netherlands<br><br>Willem Hendrik Michel van Oordt<br>Rijksboom 90, 3071 AX<br>Rotterdam, The Netherlands<br><br>Antonius Jacobus van der Geest<br>Laurentiusweer 21, 2265 DD<br>Leidschendam, The Netherlands |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Exhibit I2 |
| 11. | Documents or other property to be inspected (Article 3, g) | *See* Exhibit I1 |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that each Authorized Representative of Nokia Solutions & Networks B.V. be summoned by the executing court to appear in court to be heard.<br><br>This Court respectfully requests that the executing authority commission one of the United States Counsel for Defendants as a private examiner to ask questions about the topics laid down in Exhibit I2, under supervision of a Dutch magistrate judge, and to pose such further questions as may be warranted by the |

answers given by each Authorized Representative of Nokia Solutions & Networks B.V. The Court further requests that the judge presiding over the questioning of each Authorized Representative of Nokia Solutions & Networks B.V. permit representatives of the parties listed above in Section 6 to attend and to ask follow-up questions and cross-examine each Authorized Representative of Nokia Solutions & Networks B.V. at the culmination of the initial examination, as may be warranted by the answers given during the initial examination.

This Court respectfully requests that the testimony be taken in English, and that if needed, a translator be permitted to attend and translate any questions asked or testimony elicited by the examiner(s) during the deposition.

This Court respectfully requests that the examination be (partially) conducted via video conference to allow U.S. counsel to join the hearing.

This Court further requests that the testimony be recorded on videotape, and that a court reporter be permitted to attend the deposition and create a verbatim written transcript of the proceedings.

This Court further requests that each Authorized Representative of Nokia Solutions & Networks B.V. be directed to produce the documents identified in the attached Exhibit I1 not later than three weeks before the date of the examination.

This Court further requests that all books, papers, and other documents or articles that each Authorized Representative of Nokia Solutions & Networks B.V. identifies at the oral examination be marked as exhibits and attested. We respectfully requests that you return all such materials under cover duly sealed and addressed to the Netherland counsel:

**Barbara F.H. Rumora-Scheltema**
NautaDutilh N.V.
Beethovenstraat 400
1082 PR Amsterdam
The Netherlands

<table>
<tr>
<td></td>
<td>Tel: +31  20 71 71 449 |Fax: +31  20 71 71 361<br>Email: <u>barbara.rumora-scheltema@nautadutilh.com</u><br><br>**Anne Marie E. Verschuur**<br>NautaDutilh N.V.<br>Beethovenstraat 400<br>1082 PR Amsterdam<br>The Netherlands<br>Tel: +31 20 71 71 821 |Fax: +31 20 71 71 335<br>Email: annemarie.verschuur@nautadutilh.com<br><br>Given the complexity of the case, the Court respectfully requests this Court respectfully requests not to impose any time limits on the for the deposition of each Authorized Representative of Nokia Solutions & Networks B.V. .<br><br>In the event that the evidence cannot be taken in the manner requested, the Court requests that the evidence be taken in accordance with the directions of the presiding judge, taking into account the relevant provisions of the DCCP.</td>
</tr>
<tr>
<td>14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)</td>
<td>This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; and such other person(s) that you deem proper.</td>
</tr>
<tr>
<td>15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)</td>
<td>No judicial personnel of the requesting authority will attend or participate.</td>
</tr>
<tr>
<td>16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b)</td>
<td>Defendants believe that each Authorized Representative of Nokia Solutions & Networks B.V. does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty.</td>
</tr>
<tr>
<td>17. The fees and costs incurred which are reimbursable under the second paragraph of Article</td>
<td>Defendants will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention.</td>
</tr>
</table>

| 14 or under Article 26 of the Convention will be borne by | |
|---|---|

So ORDERED and SIGNED this _9_ day of _NOVEMBER_, 2020.

The Honorable Alan D Albright
U.S. District Court Judge