| | |
|---|---|
| **From:** | Mark Siegmund |
| **To:** | Regan Rundio; Travis Richins; Barry Shelton; Blythe, Andrew Philip |
| **Cc:** | *** GDC-Dell_WSOU; IPTeam |
| **Subject:** | RE: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference |
| **Date:** | Thursday, December 9, 2021 7:36:22 PM |
| **Attachments:** | image003.png |

**[WARNING: External Email]**

Regan:

WSOU respectively requests reconsideration of inclusion of an acquisition bar. This acquisition bar will impede the ability of WSOU's counsel to practice law on behalf of *other* clients. It would thus impose significant **personal and professional** hardships on myself and Lawyers from the Etheridge Law Group (and restrict WSOU's ability to choose its counsel) yet does nothing to prevent WSOU from bringing further suits against Dell or other defendants. As worded, for example, this language would arguably:

- Prevent Steckler Wayne Cochran Cherry from continuing to represent our clients in other matters already pending before this Court.
- Prevent Lawyers from Etheridge Law Group from continuing its representation of WSOU in other cases pending before this Court.

There are no circumstances present in this case justifying such a draconian measure. In seeking to bar activities such as the ability of plaintiff's counsel to practice law on behalf of other clients, Defendants bore the burden of establishing "good cause" to prohibit such activities. *See In re Deutsche Bank Trust Co.,* 605 F.3d 1373, 1378 (Fed. Cir. 2010) and *Document Generation Corp. v. Allscripts, LLC*, No. 6:08-CV-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009). More particularly, the Federal Circuit requires the party seeking to impose a bar "show that the information designated to trigger the bar, ***the scope of activities prohibited by the bar***, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 3d 1373, 1381 (Fed. Cir. 2010) (emphasis added). Here, Defendants have not met their burden to show that their proposed restriction on the ability of WSOU's counsel to practice law with regard to other clients is reasonable.

The prosecution bar is drastically different than the acquisition bar. In particular, the prosecution bar is already part of the Court's standard protective order (where the acquisition bar is not). Also, the prosecution bar is limited to work being done on behalf of a party to the lawsuit – not *other* clients like the acquisition bar. Finally, Courts routinely allow prosecution bars but deny acquisition bars.

This Court recently denied Google's request for an acquisition bar in *WSOU v. Google*, Case Nos. 6:20-cv-571 through 585 (W.D. Tex.) (September 17, 2021) and *VideoShare, LLC v. Google, LLC et al.,* Case No. 6:19-cv-663 (W.D. Tex., July 23, 2020) (Judge Albright) (Dkt. 45) (Minute hearing denying acquisition bar). Both of those protective orders included a prosecution bar.

Other courts have done the same. *See, e.g., Personalized Media Communications, LLC v. Google LLC,* Case No. 2-19-cv-00090-JRG (E.D. Tex., August 7, 2019)*;* 13 Cases: Uniloc

2017, LLC v. Google LLC, Case Nos. 2:18-cv-491-504-JRG-RSP (E.D. Tex., June 14, 2019) (Judge Payne); *Uniloc USA, Inc., et al Amazon Digital Service, Inc., et al.* Case No 2:16-cv-570 (March 1, 2017) (Judge Schroeder); *Rockstar Consortium US LP v. Google,* Case No. 2:13-893-JRG (E.D. Tex., June 19, 2014); *Data Engine Technologies LLC v. Google Inc.,* Case No. 14-cv-1115 (Apr. 8, 2015 Oral Order at Doc 33);*SOL IP, LLC, v. AT&T Mobility,* Case No. 2:18-cv-526-RWS-RSP (E.D. Tex. May 29, 2019) (Overruling Defendants' objection to magistrate judge denial of acquisition bar); *Jenam Tech, LLC v. Samsung Elecs. Am., Inc.,* Case No.4:19-cv-00250-ALM-KPJ,(E.D. Tex. Feb. 4, 2020);  *Karamelion LLC v. ADT LLC,* Cas No. 2-18-cv-00330-JRG (E.D. Tex. Jan. 24, 2019); *Rockstar Consortium US LP v. Google*, C.A. No. 2:13-893-JRG (E.D. Tex., June 19, 2014); *Data Engine Technologies LLC v. Google Inc*. No. 14-cv-1115 (Apr. 8, 2015 Oral Order at Doc 33); *TQ Beta, LLC v. DISH Network Corporation, et al.,* No. 14-cv-848-LPS-CJB (Apr. 1, 2015 Oral Order at Doc 32); *Copy Protection  LLC Netflix Inc.,* No. 14-cv- 365-LPS (Dec. 16, 2014 Oral Order at Doc 28); *IP Learn LLC* v. *Beeline Acquisition Corp.,* No. 11-825-RGA (October 23, 2012 transcript at 9); *Intellectual Ventures I LLC* v. *Canon Inc.,* No. 11-792- SLR (December 18, 2012 transcript at 4-8); *Personalized Media Communications, LLC v. Amazon.com, Inc.,* 13-1608-RGA (March 21, 2014 transcript at 54)); *Intellectual Ventures I LLC, et al.* v. *AT&T Mobility LLC,* 12-193- LPS (June 5, 2014 transcript at 46-49); *Graphics Properties Holdings, Inc.* v. *Asus, No.* 12-210-LPS (July 1, 2014 transcript at 38); *Pragmatus Telecom, LLC v. Genesys Tele. Lab., Inc., No.* 14-cv-26-RGA (Nov. 12, 2014 Oral Order a D.I. 35); *CRFD Research, Inc.* v. *Netflix Inc.,* No. 14-cv-314-GMS (Jan. 5, 2015 transcript at 14); *Media Communications, LLC v. Amazon.com, Inc.,* 13-1608-RGA (March 21, 2014 transcript at 54).

If the Court nevertheless believes Defendants have shown the required good cause sufficient to impose this kind of personal hardship on WSOU's counsel, then the patent acquisition bar should only prohibit such counsel from advising clients about acquiring patents narrowly related to "the invention," not the extremely broad "field of invention." To illustrate, the "field of invention" of patents at issue here encompasses "communications networks" or "data communication networks"—extraordinarily broad areas of technology which, if barred, would impose undue personal and professional hardships on WSOU's counsel.  The bar should also not prohibit counsel from advising on other legal matters, such as validity and IPRs. Further, the bar should not apply to litigation settlement negotiations, because such negotiations often encompass whole patent portfolios. Finally, the limitations should only apply to work done "on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate," which is the same scope as the prosecution bar.

Thank you again for your time and consideration.

Sincerely,

Mark



MARK SIEGMUND
SENIOR ASSOCIATE
STECKLER WAYNE COCHRAN CHERRY, PLLC
8416 OLD MCGREGOR ROAD
WACO, TEXAS 76712
254.651.3690
972.387.4041 (fax)
www.swclaw.com

**From:** Regan Rundio <Regan_Rundio@txwd.uscourts.gov>
**Sent:** Wednesday, December 8, 2021 2:44 PM
**To:** Travis Richins <travis@etheridgelaw.com>; Barry Shelton <bshelton@sheltoncoburn.com>; Blythe, Andrew Philip <ABlythe@gibsondunn.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** RE: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

Counsel:

The Court agrees with Dell that an acquisition bar may be appropriate here, especially where the parties have already agreed to a prosecution bar. But the Court would like to narrow the acquisition bar's scope to at least approach that of the prosecution bar, which is limited by "the field of the invention of the patents-in-suit." For example:

> (a)  prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate;
> (b)  directly or indirectly advise or participate in the acquisition of any patent or patent application pertaining to the field of the invention of the patents-in-suit, or interest in the same, that is or will be asserted against Defendants; or
> (c)  directly or indirectly advise a patent holder, patent owner, company, or investor, or any of its subsidiaries or affiliates, on the selection or valuation of any patent or claim pertaining to the field of the invention of the patents-in-suit asserted or to be asserted against Defendants,

The Court is satisfied with that scope, but the Court is open to any minor tweaks the parties may suggest.

Are there any other disputes as to the protective order the parties believe the Court still needs to resolve?

Regards,

Regan



**Regan Rundio**
*Law Clerk to the*
*Hon. Alan D Albright*
U.S. District Court
Western District of Texas
Office**:**  254-750-1517

**From:** Travis Richins <travis@etheridgelaw.com>
**Sent:** Tuesday, December 7, 2021 2:50 PM
**To:** Barry Shelton <bshelton@sheltoncoburn.com>; Blythe, Andrew Philip <ABlythe@gibsondunn.com>; Regan Rundio <Regan_Rundio@txwd.uscourts.gov>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** Re: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

**CAUTION - EXTERNAL:**

Regan,

WSOU and Dell jointly submit the attached disputed protective order. This version is updated slightly to reflect additional narrowing of the disputes and should be used instead of the version I sent several minutes ago.

Sincerely,

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Travis Richins <travis@etheridgelaw.com>
**Sent:** Tuesday, December 7, 2021 2:08 PM
**To:** Regan Rundio <Regan_Rundio@txwd.uscourts.gov>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** Re: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

Regan,

The parties have narrowed the disputes in the PO. Attached for the Court's convenience is a side-by-side showing the current disputed language, with Dell's proposed language highlighted in yellow and WSOU's proposed language highlighted in blue. WSOU has invited Dell to join WSOU in presenting this as a proposed disputed PO. If Dell does not join WSOU in presenting this as a proposed disputed PO, then it should be considered a demonstrative submitted by WSOU.

Sincerely,

**Travis Richins** | Etheridge Law Group

2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092

travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Regan Rundio <Regan_Rundio@txwd.uscourts.gov>
**Sent:** Monday, November 29, 2021 3:52 PM
**To:** Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** RE: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

Counsel:

The Court will continue to hear this dispute on **December 7, 2021 at 3:00 PM CST via Zoom**. Please use the same Zoom info as before.

Regards,

Regan



**Regan Rundio**
*Law Clerk to the*
*Hon. Alan D Albright*
U.S. District Court
Western District of Texas
Office**:   254-750-1517**

---

**From:** Regan Rundio
**Sent:** Tuesday, November 16, 2021 6:26 PM
**To:** Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** RE: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

Counsel:

The Court will hear this dispute on **November 22, 2021 at 9:30 AM CST via Zoom**. The Zoom information is provided below.

Join ZoomGov Meeting
https://txwd-uscourts.zoomgov.com/j/1613131172?pwd=ek9WOFZLeHZXalNYVmFOdkJabDJoQT09

Meeting ID: 161 313 1172

Passcode: 167817

One tap mobile

+16692545252,,1613131172#,,,,*167817# US (San Jose)

+16692161590,,1613131172#,,,,*167817# US (San Jose)

Dial by your location

    +1 669 254 5252 US (San Jose)

    +1 669 216 1590 US (San Jose)

    +1 551 285 1373 US

    +1 646 828 7666 US (New York)

Meeting ID: 161 313 1172

Passcode: 167817

Find your local number: https://txwd-uscourts.zoomgov.com/u/ae3OuAb5i

Regards,

Regan



**Regan Rundio**
*Law Clerk to the*
*Hon. Alan D Albright*
U.S. District Court
Western District of Texas
Office**:   254-750-1517**

---

**From:** Barry Shelton <bshelton@sheltoncoburn.com>
**Sent:** Monday, November 15, 2021 5:00 PM
**To:** Regan Rundio <Regan_Rundio@txwd.uscourts.gov>; TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** RE: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

**CAUTION - EXTERNAL:**

Regan,

Defendants note that WSOU's "side-by-side comparison" does not accurately represent Defendants' position, which is set forth in full in the exhibits already submitted with the joint discovery table last week.

Defendants will separately respond to WSOU's unnecessary and improper motion within the time allowed by the Local Rules. Thank you for your assistance.

Regards,

Barry

---

**From:** Regan Rundio <Regan_Rundio@txwd.uscourts.gov>
**Sent:** Sunday, November 14, 2021 2:59 PM
**To:** Barry Shelton <bshelton@sheltoncoburn.com>; TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** RE: WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

Counsel:

The Court can confirm receipt of the dispute and will provide guidance shortly.

Regards,

Regan



**Regan Rundio**
*Law Clerk to the*
*Hon. Alan D Albright*
U.S. District Court
Western District of Texas
Office**:   254-750-1517**

---

**From:** Barry Shelton <bshelton@sheltoncoburn.com>
**Sent:** Friday, November 12, 2021 5:40 PM
**To:** TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** *** GDC-Dell_WSOU <GDC-Dell_WSOU@gibsondunn.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@swclaw.com>
**Subject:** WSOU v. Dell - 6:20-cv-00473 - 482, 485-486: Request for discovery conference

**CAUTION - EXTERNAL:**

Defendants in the above-captioned action submit this email to request the Court's assistance in resolving the dispute outlined in the attached table.  Plaintiff has provided its position therein.  Please let us know if the Court needs any additional information.

Regards,

Barry

**Barry K. Shelton | Partner**
Shelton Coburn LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
T: (512) 263-2165 **|** F: (512) 263-2166 **|** M: (512) 517-9998
bshelton@sheltoncoburn.com | www.sheltoncoburn.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.