**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　Defendants. | CIVIL ACTION 6:20-CV-00473-ADA<br>CIVIL ACTION 6:20-CV-00474-ADA<br>CIVIL ACTION 6:20-CV-00475-ADA<br>CIVIL ACTION 6:20-CV-00476-ADA<br>CIVIL ACTION 6:20-CV-00477-ADA<br>CIVIL ACTION 6:20-CV-00478-ADA<br>CIVIL ACTION 6:20-CV-00479-ADA<br>CIVIL ACTION 6:20-CV-00482-ADA<br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>　　Defendants. | CIVIL ACTION 6:20-CV-00480-ADA<br>CIVIL ACTION 6:20-CV-00481-ADA<br>CIVIL ACTION 6:20-CV-00485-ADA<br>CIVIL ACTION 6:20-CV-00486-ADA<br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Defendants

Dell Technologies Inc., Dell Inc., EMC Corporation, and VMWare, Inc., hereafter referred to as

"the Parties," believe that certain information that is or will be encompassed by discovery demands

by the Parties involves the production or disclosure of trade secrets, confidential business

information, or other proprietary information in the Action[1];

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party[2] or Third Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – —ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.  For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material.

---

[1] Action or "litigation" means the Case Nos. 6:20-cv-0473-0482, and 0485-0486.

[2] Any Third Party producing documents, information, or materials in the Action may also designate Protected Material, which will be protected under this Order to the same extent and subject to the same conditions as if produced by a Party, unless otherwise specified and agreed among the Parties and Third Party.

For natively produced Protected Material, the appropriate designation shall be placed on the placeholder image bearing the Bates number for the native file and the filename of each such natively produced document shall include the appropriate designation.

2.      Any document produced under the Order Governing Proceedings before issuance of this Order with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any similar designation shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[3] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

---

[3] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" both individually and collectively.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court, or as set forth in paragraph 22 herein:

 (a) Outside counsel of record in this Action for the Parties, and outside counsel at firms retained for the purposes of this litigation who are not of record and who sign the Undertaking attached as Exhibit A hereto;

 (b) Outside counsel's paralegals, attorneys, and staff who are working at the direction of such outside counsel and are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

 (c) No more than 5 in-house counsel for each of the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking attached as Exhibit A hereto;

 (d) If the Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Protected Material to such person, have completed the Undertaking attached as

Exhibit A hereto;

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae[4] of the consultant or expert at least seven (7) calendar days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material, or Source Code Material in particular, to the consultant or expert. The Parties agree to promptly confer within three business days after receipt of an objection and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order or the time period for filing a motion has passed;

(f)     Mock jurors and independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mediators and their staff, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     The Court and its personnel;

(h)     a deponent or witness during, or in good faith preparation for, deposition or trial, if it appears that the witness authored or received a copy of the information, was involved in the subject matter described therein, is employed by the Party who produced the Protected Material, or if the producing Party consents to such disclosure;

---

[4] For any such person, the curriculum vitae shall identify their (i) current employer(s), (ii) each person or entity from whom they have received compensation or funding for work in their areas of expertise or to whom the they have provided professional services, including in connection with a litigation or PTO proceeding, at any time during the preceding five years; (iii) (by name and number of the case, filing data, and location of court) any litigation or PTO proceeding  in connection with which they have offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding 5 years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then they should provide whatever information can be disclosed without violating any confidentiality agreements, and the party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

(i)     any person who was an author, addressee, or intended or authorized recipient of the Protected Material and who agrees to keep the information as designated, provided that such persons may see and use the Protected Material but not retain a copy; and

(j)     insurers to whom disclosure is reasonably necessary for purposes of the litigation, provided any such insurer has signed the Undertaking attached hereto as Exhibit A (such signed document to be maintained by the attorney designating such person).

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains (i) confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material; or (ii) any information that a Party or Third Party reasonably believes to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code [**DELL**:  and /or live data (that is, data as it exists residing in a database or databases)] [**WSOU**: ( i.e., a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator)] ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE." "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" also includes any information that a Party or Third-Party reasonably believes to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

9.    For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs [**WSOU**: (a)-(b) and (e)-(i)] [**DELL**: 5(a-c) and (e-i); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision making authority on behalf of the client.]

10. When a Party initially produces documents for inspection, no marking need be made by the producing Party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Protected Material. After the receiving Party selects specified documents for copying, the producing Party shall appropriately mark the copies of the selected documents before they are provided to the receiving Party.

11. The inadvertent failure by a producing Party to designate specific documents or materials as containing Protected Information or as containing a certain subset of Protected Information (*e.g.* HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information), shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. A producing Party seeking to designate or re-designate such documents or materials may do so by giving written notice to the receiving Party. Upon notice to the receiving Party of such failure to designate, the receiving Party shall cooperate to restore the confidentiality of the inadvertently undesignated or mis-designated information. No showing of error, inadvertence, or excusable neglect shall be required for re-designation.

12. For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided [**DELL: only on "stand-alone" computer(s)**][**WSOU:** using three secure review computers provided by the producing Party, where the Source Code production for cases 6:20-cv-473, -474, -478, and -479 shall be accessible on two computers; for cases 6:20-cv-475, -476, -479, and -482 shall be accessible on two computers; and for cases 6:20-cv-480, -481, -485, and -486 on two computers. For clarity, VMware, Inc. will provide Source Code Material, if any, on a review computer housing only VMware Source Code Material, and not that of any other Defendant. The producing Party will produce Source Code Material in computer searchable format on the review computer as described. If a Party's Source Code is provided on the review computer, such computer shall be a "stand-alone" computer ](that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). A display screen or monitor of a size of at least seventeen inches shall be provided by the producing Party for each review computer. Each review computer may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes otherwise permitted pursuant to this paragraph. The review computers produced by defendants will be made available in the [**DELL: Western District of Texas**][**WSOU: Austin**] or as otherwise agreed[5].  Should the need arise due to a public health or other emergency, or state, local or national restrictions or travel restrictions, which hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the review computer available in a location that would allow source code review to occur. The producing Party will produce Source Code Material in computer searchable format on the review computer as described above.

(b)     Each review computer shall, at the receiving Party's request and expense, and for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein with the producing Party's approval that shall not be unreasonably withheld, include reasonable commercially available analysis tools (e.g., Notepad++, Understand, and PowerGREP) reasonably necessary for the type of Source Code Material. The receiving Party shall be responsible for providing tools or licenses to tools that it wished to use so that the producing Party may install such tools on the review computers. Requests for the installation of such software will not be unreasonably denied. In no event shall tools be installed on the review computer that have the effect of assembling and/or compiling, any Source Code Material.

(c)     The receiving Party may not bring any electronic devices into the room where the review computer is provided, including, but not limited to, cameras, cellular

---

[5]  At WSOU's request to make the code available in Austin, VMware currently plans to make the code (if any) available at the offices of Greenberg Traurig LLP, 300 West 6th Street, Suite 2050, Austin, TX 78701, and Dell currently plans to make the code (if any) available at the offices of Baker Botts LLP, 98 San Jacinto Boulevard Suite 1500, Austin, TX 78701. Each producing Party reserves the right to present the code at a substitute location in Austin.

phones, laptops, recordable media, or recording devices. The receiving Party will not copy, remove, or otherwise transfer or transmit Source Code Material from the review computer. The receiving Party will not remove copies of all or any portion of the Source Code Material from the room in which the Source Code Material is inspected except as otherwise provided herein. Should the need arise, the Parties shall meet and confer regarding any exceptions to this rule in order to minimize the burden to the Parties. If the Parties are unable to reach agreement, a Party seeking an exception may present the dispute to the Court according to the applicable discovery dispute procedure. Upon any such application to the Court, the burden shall be on the Party seeking the exception to show good cause why the exception should be provided.

(d)     Outside counsel and their staff or an expert, consultant, or technical advisor for the receiving Party shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material into the notes. Any such notes shall be maintained at all times in a secure location under the direct control of an individual authorized to view Source Code Material, shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and shall be destroyed within 30 calendar days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, as required under this Order (including paragraph 31).

(e)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the review computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time on business days (i.e., weekdays that are not federal holidays). However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computer outside of normal business hours. The producing Party will notify the receiving Party when the code is ready for inspection.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the office of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  The producing Party shall in good faith attempt to accommodate reasonable requests for inspection, and the receiving Party recognizes that a public health or other emergency, or state, local or national restrictions or travel restrictions may result in additional restrictions on access to the review computer (e.g., number of individuals who may attend simultaneously). In addition, the receiving Party may, in a single written notice for initial or subsequent inspection, may request multiple consecutive days for inspection. Those individuals who enter the source code review room shall sign in with the producing Party's retained counsel on each day they view Source Code Material on the review computer, in a log that will include the names of such persons, their time of arrival and departure, and cumulative time spent reviewing the Source Code Material that day. That same log shall also maintain a complete record of any individuals who review the Source Code Material, whether on the review computers or on print-outs at the location of the review computers. Those individuals shall also comply with any local office restrictions that may be required

(e.g., health screenings related to the COVID-19 pandemic). [**WSOU: The code review shall not discriminate based on a reviewer's COVID-19 vaccination status.**] The same procedures discussed above apply regardless of whether the inspection is the initial inspection or a subsequent inspection;

(f) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the review computer in order to access the produced Source Code Material on the review computer(s). No recordable media, recordable devices, input/output devices, devices with Internet or network access, or other electronic devices capable of recording, copying, or transmitting the source code, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the source code reviewing room. [**WSOU: The hosting facility for the producing Party shall provide a secure location to store personal electronic devices, such as cellular telephones, where they will be readily accessible to the reviewer outside the review room upon request.**] Nor shall the reviewing Party or its expert(s) attempt to circumvent the security of the review computer or confidentiality of the source code displayed;

(g) Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts[6] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph (e) above. To the extent necessary, a receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, discovery response, contention, or other court document, deposition transcript, other Court document, (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, include the minimal amount of such Source Code Material information that is reasonably necessary, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. Wherever possible, the receiving Party will make a reasonable and good-faith effort to limit this information to references to production numbers, file names, and line numbers.

(h) To the extent portions of Source Code Material are quoted in a Source Code Exhibit, the entire Source Code Exhibit will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

---

[6] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant's or expert's staff and other support persons shall count as a disclosure to a single consultant or expert.

(i)      Except as set forth in this paragraph 10(o), no electronic copies of Source Code Material (including by way of example only, scans of Source Code Material to PDF or photographs of code) shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

(j)      In view of the current logistical circumstances related to the COVID-19 pandemic, the receiving Party will be provided with five (5) copies of printed Source Code Material requested, which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein. [**DELL**: The receiving Party shall maintain a log of all such files that are printed or photocopied. No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as explicitly permitted herein.] [**WSOU**: The receiving Party may request additional copies of printed Source Code Material to be sent to specific individuals who have read this Order and signed Exhibit A for the purposes of this litigation and with a need for additional, simultaneous access to the printed Source Code Material, and such requests shall not be unreasonably denied by the producing Party. The requesting party may seek leave of Court to require additional copies if the requesting Party believes the other party has unreasonably denied such a request.]

(k)      [**WSOU**: The receiving Party may request permission to print additional consecutive pages of continuous Source Code. Such requests shall not be unreasonably denied by the producing Party. In addition, the receiving Party shall be limited to printing a total of 1000 pages of Source Code for each software release, a page being defined as an 8.5" x 11" paper page with 1.00" margins and using no smaller than a 12-point font. The Source Code Computers may be equipped with virtual printer software to permit the Receiving Party to print selected portions of Source Code to a PDF file that can be printed subsequently by the Producing Party. Each print request shall be made in writing to the Producing Party and shall include either the complete path, file name, and line numbers of the Source Code to be printed, or the filename of the PDFs that were printed with the virtual printer software (or the folder name where the PDF files were saved on the computer). The receiving Party may request permission to print additional pages of Source Code. Such requests shall not be unreasonably denied by the producing Party. If at the time of inspection and requested printing, the producing Party objects to the printed portions as excessive and/or not done for a permitted purpose, the receiving Party shall not be provided with the print portions until such objection is resolved. In the event of an objection, the Parties shall meet and confer in good faith within one (1) business day of the objection and attempt to resolve the dispute on an informal basis. If the Parties are unable to resolve any objection, the receiving Party  may seek court intervention.

(l)      If during the course of a review the receiving Party has stored electronic print-outs

of Source Code Material (for example a pdf file) on the review computer, the receiving Party may request the producing Party provide the receiving Party with a Bates-labeled and appropriately designated paper copy of the electronic print-outs to the Receiving Party within one (1) business day. The producing Party will not delete such stored electronic print-outs from the review computer.]

(m)     Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such.

(n)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts at all times keep the printouts or photocopies in a secured container in a locked area in the offices when not in use within the United States of such outside counsel, consultants, or expert, except when actively reviewing those printouts or photocopies. Paper copies of Source Code Material may not be copied and may not be removed from a secured container or location unless in a secured, private area. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a secure location within a hotel prior to a Court proceeding or deposition).

(o)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under this paragraph 12 to another person authorized under this paragraph 12, on paper or, if permissibly transferred to electronic form pursuant paragraph 12(j), on removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick"), via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except when filing or serving electronically pursuant to the Court's rules, procedures, and order. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in this paragraph 12 and is at all times subject to the transport restrictions set forth herein. For those purposes only, the Source Code Material may be stored on a stand-alone computer.

(p)     The Parties shall cooperate to take such steps as are reasonably necessary to protect information which contains or discloses the substance of any portion of the Source Code Material from disclosure to the public, including (subject to this Court's rules) in the course of the trial of this litigation, during any hearing in this litigation, and in any briefing or other filing in this litigation.

(q)     The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review subject to such monitoring activities

being free from any interference that impedes or hinders the representatives' source code review, and only to the extent to ensure that there is no unauthorized recording, copying, or transmission of the producing Party's Source Code. For example, the producing Party may visually monitor while standing outside of a glass wall of a conference room. For the sake of clarity, the producing Party will refrain from any active monitoring activities that reveal Attorney Work Product (*e.g.*, viewing the source code review notes, monitoring the contents of the review computer's screen during the review, or listening to conversation of the source code reviewer); such monitoring activities will not be considered to be reasonable.

(r)     Copies of printed Source Code Material that are marked as deposition exhibits may be provided to the Court reporter during the deposition, but shall not be retained by the Court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code Material for use in any manner. Where the producing Party has provided the express written permission required under this provision for a receiving Party to create electronic copies of Source Code Material, and if the producing Party requests it, the receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order. The Parties agree to negotiate additional procedures that will govern the use of Source Code Material in remote depositions, if necessary.

**PROSECUTION [DELL: AND ACQUISITION] BAR**

13.  Any attorney representing a Party, whether in-house or outside counsel, and any person

associated with a Party and permitted to receive the other Party's Protected Material that is

designated HIGHLY CONFIDENTIAL – ATTORNEYS'   EYES   ONLY   and/or

HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information

relevant to the case, but excluding financial data or non-technical business information

(collectively "HIGHLY SENSITIVE   TECHNICAL MATERIAL"), who obtains,

receives,  or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE

TECHNICAL MATERIAL under this Order shall not :

   (a)  prepare, prosecute, supervise, or assist in the preparation or prosecution of any
        patent application pertaining to the field of the invention of the patents-in-suit on
        behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate;
   (b)  [**Dell Proposal:** directly or indirectly advise or participate in the acquisition of any
        patent, patent application, or interest in the same that is or will be asserted against
        Defendants; or
   (c)  directly or indirectly advise a patent holder, patent owner, company, or investor, or
        any of its subsidiaries or affiliates, on the selection or valuation of any patent or
        claim asserted or to be asserted against Defendants,]

during the pendency of this Action and for one year after its conclusion, including any

appeals or two years after such person last reviewed the HIGHLY SENSITIVE

TECHNICAL MATERIAL, whichever is earlier. To ensure compliance with the purpose

of this provision, each Party shall create an "Ethical Wall" between those persons with

access to HIGHLY SENSITIVE  TECHNICAL MATERIAL and any individuals who,

participate in any of the three activities described in (a)-(c) above. Nothing in this Order

shall prevent a person with access to HIGHLY SENSITIVE  TECHNICAL MATERIAL

from participating in a PTO proceeding, including any inter partes review, CBM, re-

examination, or post-grant review proceedings, except for that person shall not participate

directly or indirectly in the amendment of any claim(s). Nor shall anything in this provision

prevent any attorney of record from assisting its client in settlement negotiations or advising on legal matters involving validity of patents.

## THIRD PARTY CONFIDENTIALITY

14.     In the event that a Party is required, by a valid discovery request, to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement with the Third Party restricting production of the Third Party's confidential information, then the Party shall:

(a)     [**DELL: promptly**][**WSOU:** promptly, no later than three (3) business days after such an obligation is discovered,] notify in writing the requesting Party and the Third Party that some or all of the information requested is subject to restrictions on production pursuant to a confidentiality agreement with a Third Party; and

(b)     promptly provide the Third Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested [**WSOU:** and make the information requested available for inspection to the Non-Party. If the Non-Party fails to object and seek a protective order from this court within 14 calendar days of receiving the notice and accompanying information, the Party shall produce the Non-Party's confidential information responsive to the discovery request. If the Party maintains it cannot produce the Non-Party's confidential information even after the notice and accompanying information have been provided, the Party may prepare a joint motion in which the Party and the Requesting Party ask that the court order expedited production of the Non-Party's confidential information in response to the discovery request.]

(c)     If the Third Party does not consent to the Party's production of the Third Party's confidential information [**WSOU:** ,  (and production cannot be made by any means without such consent)] the requesting Party may move to compel production. The withholding Party may either oppose or not oppose the requesting Party's motion, and [**Dell:**  independently,] the Third Party may intervene to oppose the motion to compel or to move for a protective order.

## NO WAIVER OF PRIVILEGE BY VIRTUE OF INADVERTENT DISCLOSURE

15.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) in writing. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

(a)    After written notice is provided, the receiving Party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information, or show such material to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed.

(b)    The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents.

(c)    The receiving Party may move the Court for an order, under seal, compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure.

(d)    The disclosing Party retains the burden—upon motion pursuant to paragraph (c)—of establishing the privileged or protected nature of the information in question.

(e)    Nothing in this order limits the right of any Party to petition the Court for an in-camera review.

(f)    This order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the disclosing Party uses or indicates that it may use information produced under this order to support a claim or defense.

(g)     Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information. To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

(h)     Federal Rule of Evidence 502(b) is inapplicable to a producing Party's inadvertent disclosure under this paragraph 16.

## DUTY TO ENSURE COMPLIANCE

16.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

18.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign the Undertaking attached hereto as Exhibit A.

19.      For purposes of this Agreement, "Data Breach" shall mean misuse, compromise, or unauthorized access that involves any Designated Material. The receiving Party shall have and maintain appropriate physical, organizational, and technical processes, security standards, guidelines, controls, and procedures to protect against a Data Breach ("Appropriate Safeguards"), and shall ensure that its professional vendors, experts, and any other person or entity that receives Protected Material pursuant to the Protective Order implements and maintains Appropriate Safeguards.

20.     In the event of a Data Breach impacting any Protected Material under this Protective Order, the Party suffering said Data Breach, and each Party with knowledge thereof, shall  as soon as practicable after becoming aware of it, notify counsel for the producing Party whose Protected Material has been compromised or otherwise potentially accessed, all known relevant information concerning the nature and circumstances of the Data Breach, shall promptly take all reasonable measures to correct the Data Breach, and shall work in good faith with the producing Party to ensure that no further unauthorized disclosure and/or use thereof is made, or to mitigate the impacts of any such unauthorized disclosure and/or use thereof.

## USE OF DESIGNATED MATERIAL

21.     All Protected Material provided by any Party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and

for no other purpose, and shall not be disclosed except in accordance with the terms hereof. The provisions of this order will govern any post-grant review proceeding until an appropriate protective order is in place for that proceeding.

22. Except as otherwise restricted under the provisions set forth in paragraph 12 of this Order, nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of their employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 12 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

23. Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, or until otherwise agreed by the Parties, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

24. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

25. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

26. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must: (a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order if

allowed under applicable protective orders in the other litigation; (b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

## CHALLENGING DESIGNATIONS

27.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

**THIRD PARTIES**

28.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

29.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) business days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in accordance with this Order.

**RETURN/DESTRUCTION OF MATERIALS**

30.     Within 30 calendar days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Nothing in this order requires a Party to destroy any information it is required by law to retain. The Parties shall not be required to delete information that

may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

* * *

31.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

32.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

33.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

(a)   This Order shall not bar any attorney in the course of rendering advice to such attorney's client who is a Party in this litigation or from conveying to any Party or client the attorney's evaluation in a general way of Protected Material produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Material produced by another Party if such disclosure would be contrary to the terms of this Protective Order.

34.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br>      Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, <br><br>     Defendants. | CIVIL ACTION 6:20-CV-00473-ADA <br> CIVIL ACTION 6:20-CV-00474-ADA <br> CIVIL ACTION 6:20-CV-00475-ADA <br> CIVIL ACTION 6:20-CV-00476-ADA <br> CIVIL ACTION 6:20-CV-00477-ADA <br> CIVIL ACTION 6:20-CV-00478-ADA <br> CIVIL ACTION 6:20-CV-00479-ADA <br> CIVIL ACTION 6:20-CV-00482-ADA <br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br>      Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC., <br><br>     Defendants. | CIVIL ACTION 6:20-CV-00480-ADA <br> CIVIL ACTION 6:20-CV-00481-ADA <br> CIVIL ACTION 6:20-CV-00485-ADA <br> CIVIL ACTION 6:20-CV-00486-ADA <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**EXHIBIT A**

**ACKNOWLEDGEMENT & AGREEMENT TO BE BOUND BY**

**PROTECTIVE ORDER**

I, _____[print or type full name], declare

that:

1.    My address is _____. My

current employer is _____. My

current occupation is _____.

2.      I have received a copy of the Protective Order in this action. I have carefully read in its

entirety and understand the provisions of the Protective Order.

3.      I will comply with and be bound by all of the provisions of the Protective Order. I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.

4.      I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

5.      Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my

possession, and all documents and things that I have prepared relating thereto, to the

outside counsel for the party by whom I am employed.

6.      I hereby submit to the jurisdiction of the Court in which the action is pending for the

purpose of enforcement of the Protective Order in this action, even if such enforcement

proceedings occur after termination of the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Printed Name: _____

Date: _____

City and State where sworn and signed: _____

E-mail Address: _____

Telephone: _____