# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>Defendants. | Case No. 6:20-cv-00486-ADA<br><br>**JURY TRIAL DEMANDED** |

## VMWARE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant VMware, Inc. ("Defendant" or "VMware"), by and through its attorneys, respectfully submits this Answer to the First Amended Complaint for Patent Infringement ("First Amended Complaint") of WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"). VMware responds in numbered paragraphs corresponding to the numbered paragraphs of the First Amended Complaint, and in doing so denies the allegations of the First Amended Complaint except as specifically stated.

## NATURE OF THE ACTION

1. Paragraph 1 alleges legal conclusions to which no response is required. To the extent a response is required, VMware denies that WSOU has stated a legally sufficient claim for patent infringement, and further specifically denies any infringement or liability.

## THE PARTIES

2. VMware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies these allegations.

3. VMware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies these allegations.

4. VMware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies these allegations.

5. VMware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies these allegations.

6. Admitted. VMware notes, however, that the allegations in Paragraph 6 are now outdated.

7. Admitted. VMware notes, however, that the allegations in Paragraph 7 are now outdated because VMware is no longer a subsidiary of Dell Technologies Inc.

## JURISDICTION AND VENUE

8. Paragraph 8 alleges legal conclusions to which no response is required. To the extent a response is required, VMware admits that patent infringement actions arise under the Patent Laws of the United States, including 35 U.S.C. §§ 271, 281, 284, and 285.

9. Paragraph 9 alleges legal conclusions to which no response is required. To the extent a response is required, VMware admits that this Court has jurisdiction over claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Paragraph 10 alleges legal conclusions to which no response is required. To the extent a response is required, VMware does not contest that the Court has personal jurisdiction over it for the purposes of this action, and denies any acts of infringement.

11. Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is required, VMware does not contest venue is proper in this District for purposes of this action, denies any acts of infringement, and admits that VMware has places of business in the Western District of Texas. As detailed in the Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas (D.I. 43, 56), however, VMware does contest that the Waco Division is the most convenient venue for this action.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 7,092,360

12. VMware incorporates and re-alleges its answers to Paragraphs 1 through 11.

13. VMware admits that Exhibit A to WSOU's First Amended Complaint purports to be a copy of the '360 patent. VMware admits that on its face, the '360 patent is titled "Monitor, System and Method for Monitoring Performance of a Scheduler," and that on its face, it bears an issuance date of August 15, 2006. VMware denies that the '360 patent is valid. VMware lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies these allegations.

14. VMware lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies these allegations.

15. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware admits that WSOU copies and/or paraphrases language from what appears to be webpages cited in Paragraph 15, but some of these webpages do not exist and/or are hyperlinked to the wrong URL as of the date of this Answer. VMware offers licenses to VeloCloud and vSphere. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore denies these allegations.

16.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves.  VMware admits that WSOU copies and/or paraphrases language from what appears to be webpages cited in Paragraph 16, but some of these webpages do not exist and/or are hyperlinked to the wrong URL as of the date of this Answer.  VMware Accused Products provide functions for resource management, designated as Network I/O Control (NetIOC).  VMware expressly denies any allegation of wrongdoing or infringement in this paragraph.  VMware otherwise denies the allegations contained in Paragraph 16.

17.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves.  VMware expressly denies any allegation of wrongdoing or infringement in this paragraph.  VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 17. VMware otherwise denies the allegations contained in Paragraph 17.

18.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves.  VMware expressly denies any allegation of wrongdoing or infringement in this paragraph.  VMware vSphere's NetIOC scheduler includes the hClock Scheduler.  VMware admits that WSOU copies and/or paraphrases

language from what appears to be a webpage cited in Paragraph 18. VMware otherwise denies the allegations contained in Paragraph 18.

19. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 19, but this webpage does not exist and/or is hyperlinked to the wrong URL as of the date of this Answer. VMware otherwise denies the allegations contained in Paragraph 19.

20. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 20, but this webpage does not exist and/or is hyperlinked to the wrong URL as of the date of this Answer. VMware denies the allegations contained in Paragraph 20.

21. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be webpages cited in Paragraph 21, but some of these webpages do not exist and/or are hyperlinked to the wrong URL as of the date of this Answer. VMware denies the allegations contained in Paragraph 21.

22. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 22. VMware otherwise denies the allegations contained in Paragraph 22.

23. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware notes that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 23. VMware otherwise denies the allegations contained in Paragraph 23.

24. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 24. VMware otherwise denies the allegations contained in Paragraph 24.

25. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 25, but

this webpage does not exist and/or is hyperlinked to the wrong URL as of the date of this Answer. VMware denies the allegations contained in Paragraph 25.

26. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware admits that WSOU copies and/or paraphrases language from what appears to be a webpage cited in Paragraph 26, but this webpage does not exist and/or is hyperlinked to the wrong URL as of the date of this Answer. VMware denies the allegations contained in Paragraph 26.

27. VMware denies the allegations contained in Paragraph 27.

28. VMware denies the allegations contained in Paragraph 28.

29. VMware denies the allegations contained in Paragraph 29.

30. VMware denies the allegations contained in Paragraph 30.[1]

31. To the extent the allegations of this paragraph purport to characterize the contents of written documents, the documents speak for themselves. VMware admits that WSOU cites hyperlinks to webpages cited in Paragraph 31, but some of these webpages do not exist and/or are hyperlinked to the wrong URL as of the date of this Answer. VMware expressly denies any allegation of wrongdoing or infringement in this paragraph. VMware denies the allegations contained in Paragraph 31.

32. VMware denies the allegations contained in Paragraph 32.

---

[1] To the extent a response is required to Paragraph 30, note 1, VMware denies that the knowledge of a plaintiff's patent after the lawsuit was filed is sufficient to plead requisite knowledge for indirect infringement. *See* D.I. 67, 76:16–17 (dismissing indirect infringement claims).

## RESPONSE TO WSOU'S JURY DEMAND

VMware also requests a jury trial for all issues triable as such.

## RESPONSE TO WSOU'S REQUEST FOR RELIEF

No response is required to WSOU's request for relief. To the extent that a response is deemed required, VMware has not infringed, directly or indirectly, any valid and enforceable claim of the '360 patent, and WSOU is not entitled to any remedy or recovery. WSOU's request therefore should be denied in its entirety and with prejudice, and WSOU should take nothing.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), VMware asserts the following defenses. Assertion of a defense is not a concession that VMware has the burden of proving the matter asserted. In addition to the defenses described below, VMware expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

2. WSOU's First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

3. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

4. VMware does not infringe, and has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '360 patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

### THIRD AFFIRMATIVE DEFENSE

**(Patent Ineligibility and Invalidity)**

5. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

6. The asserted claims of the '360 patent, as properly construed, are ineligible, invalid, void, and/or unenforceable for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 132, and for improper inventorship and derivation.

### FOURTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

7. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

8. WSOU is precluded from construing any valid claim of the '360 patent to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the '360 patent, (b) in the specification and claims of the '360 patent, and/or (c) during the prosecution of patents and applications related to the '360 patent.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutory Limitation on Damages)**

9. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

10. WSOU's right to seek damages or costs is limited, including without limitation by 35 U.S.C. §§ 286, 287, and 288.

11. To the extent that WSOU, its alleged predecessor(s)-in-interest to the '360 patent, or any licensee of the '360 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that VMware's actions allegedly infringed any claim of the '360 patent, VMware is not liable to WSOU for the acts alleged to have been performed by VMware before it received actual notice of alleged infringement.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Enhanced Damages; No Attorneys' Fees)**

12. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

13. WSOU is not entitled to enhanced damages under 35 U.S.C. § 284, at least because WSOU has failed to show, and cannot show, that any infringement has been willful and/or knowing.

14. WSOU is not entitled to an award of attorneys' fees under 35 U.S.C. § 285, at least because WSOU has failed to show, and cannot show, that this case is "exceptional" in WSOU's favor, as would be required by the statute.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Costs)

15. VMware repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

16. Under 35 U.S.C. § 288, WSOU is precluded from recovering costs associated with this action.

## VMWARE'S PRAYER FOR RELIEF

WHEREFORE, VMware respectfully prays that:

(a) WSOU take nothing by way of this action;

(b) The First Amended Complaint be dismissed with prejudice and judgment entered in favor of VMware;

(c) The Court find this case exceptional and award VMware its reasonable attorneys' fees and costs of defending suit pursuant to 35 U.S.C. § 285; and

(d) VMware be awarded costs of suit, attorneys' fees, and any other relief that the Court deems proper.

| | |
|---|---|
| Dated:  March 23, 2022 | By: */s/ Barry K. Shelton* <br> Barry K. Shelton <br> Texas State Bar No. 24055029 <br> bshelton@winston.com <br> **WINSTON & STRAWN LLP** <br> 2121 North Pearl Street, Suite 900 <br> Dallas, TX  75201 <br> Telephone:  214-453-6407 <br> Facsimile:  214-453-6400 <br><br> Benjamin Hershkowitz <br> bhershkowitz@gibsondunn.com <br> Brian A. Rosenthal <br> brosenthal@gibsondunn.com <br> Allen Kathir <br> akathir@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 200 Park Avenue <br> New York, NY  10166-0193 <br> Telephone:  212.351.4000 <br> Facsimile:  212.351.4035 <br><br> Y. Ernest Hsin <br> ehsin@gibsondunn.com <br> Jaysen S. Chung <br> jschung@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 555 Mission Street, Suite 3000 <br> San Francisco, CA  94105-0921 <br> Telephone:  415.393.8200 <br> Facsimile:  415.393.8306 <br><br> Ryan K. Iwahashi <br> riwahashi@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 1881 Page Mill Road <br> Palo Alto, CA  94304-1211 <br> Telephone:  650.849.5300 <br> Facsimile:  650.849.5333 <br><br> *Attorneys for Defendant VMware, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2022, I caused the preceding document to be served on all counsel through the Court's ECF system.

*/s/ Barry K. Shelton*
Barry K. Shelton