**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>　　　　Defendants. | Case No. 6:20-cv-00486-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL<br>CONTAINS CONFIDENTIAL INFORMATION** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

Page

I. ██████████████████████████████████████████████████████..........2

II. ██████████████████████████████████████████████████████.............4

    A. ██████████████████████████████...........................4

    B. ██████████████████████████████████.......................5

    C. ██████████████████████████████████████████████████████7

III. WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES .............8

**FILED UNDER SEAL**

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abraxis Bioscience, Inc. v. Navinta LLC*,
   625 F.3d 1359 (Fed. Cir. 2010)..................................................................................................3

*Bittaker v. Woodford*,
   331 F.3d 715 (9th Cir. 2003)......................................................................................................5

*Cofimco USA, Inc. v. Mosiewicz*,
   2016 WL 1070854 (S.D.N.Y. Mar. 16, 2016)............................................................................6

*DDB Techs., LLC v. MLB Advanced Media L.P.*,
   517 F.3d 1284 (Fed. Cir. 2008)................................................................................................10

*Dutschmann v. City of Waco*,
   2022 WL 837500 (W.D. Tex. Feb. 23, 2022) ............................................................................6

*EMA Electromechanics, Inc. v. Siemens Corp.*,
   2022 WL 2759094 (W.D. Tex. July 13, 2022)............................................................... 2, 4, 6

*Hoeg Corp. v. Peebles Corp.*,
   60 N.Y.S.3d 259 (2017).............................................................................................................8

*Hometown Fin., Inc. v. U.S.*,
   409 F.3d 1360 (Fed. Cir. 2005)..................................................................................................9

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*
   925 F.3d 1225 (Fed. Cir. 2019)..................................................................................................9

*MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*,
   58 N.Y.S.3d 874 (N.Y. Sup. Ct. 2017) ......................................................................................8

*McCall v. Dretke*,
   390 F.3d 358 (5th Cir. 2004)......................................................................................................8

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
   959 F.3d 1065 (Fed. Cir. 2020)..................................................................................................9

*In re Spinnaker Indus., Inc.*,
   313 F. App'x 749 (6th Cir. 2008)...............................................................................................8

*W.C. Chapman, L.P. v. Cavazos*,
   2022 WL 1558502 (E.D. Tex. May 17, 2022) ..........................................................................6

**FILED UNDER SEAL**

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) .................................................................................... 9

*Willy v. Admin. Review Bd.*,
    423 F.3d 483 (5th Cir. 2005) ........................................................................................ 5

**OTHER AUTHORITIES**

MPEP, §301, Part V (A) (June 2020) ................................................................................ 10

FILED UNDER SEAL

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '360 patent | U.S. Patent No. 7,092,360 |
| ■ | ■ |
| Br. | Defendants' Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Dkt. 195 |
| Defendants | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. |
| NPE | Non-practicing entity |
| Opp. | Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Dkt. 202 |
| ■ | ■ |
| RFP | Request for Production |
| USPTO | United States Patent and Trademark Office |
| ■ | ■ |
| WSOU | WSOU Investments, LLC |

**FILED UNDER SEAL**

## TABLE OF EXHIBITS

| Exhibit | Document |
|---------|----------|
| A | USPTO Reel 012412 Frame 0469 |
| B | USPTO Reel 022162 Frame 0730 |
| C | USPTO Reel 018904 Frame 0422 |
| D | USPTO Reel 021138 Frame 0032 |
| E | USPTO Reel 044000 Frame 0053 |
| F | [redacted] |
| G | [redacted] |
| H | [redacted] |
| I | USPTO Reel 042153 Frame 0314 |
| J | USPTO Assignment History of '360 Patent |
| K | Letter from B. Rosenthal to J. Etheridge (November 25, 2020) |
| L | Letter from B. Rosenthal to J. Etheridge (April 16, 2021) |
| M | Email from A. Kathir to J. Etheridge (March 29, 2021) |
| N | Black's Law Dictionary (11th ed. 2019) (example provided under definition of "VOID") |
| O | Compilation of Licenses |
| P | 2020 Patent Dispute Report: Year in Review, *available at* https://www.unifiedpatents.com/insights/2020-patent-dispute-report-year-in-review |
| Q | Analytics: The Most Litigious District Court Patent Plaintiffs, *available at* https://lawstreetmedia.com/news/tech/analytics-the-most-litigious-district-court-patent-plaintiffs |
| R | [redacted] |
| S | [redacted] |

**FILED UNDER SEAL**

| | |
|---|---|
| T | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ) |
| U | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| V | Federal Trade Commission, Patent Assertion Entity Activity: An FTC Study (2016), available at https://www.ftc.gov/system/files/documents/reports/patent-assertion-entity-activity-ftc-study/p131203_patent_assertion_entity_activity_an_ftc_study_0.pdf |
| W | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| X | Matt Hogan, LinkedIn, https://www.linkedin.com/in/matthew-hogan-76155b23/ |
| Y | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ |
| Z | https://www.brazoslicensing.com/about (last visited on July 7, 2022) |
| AA | Federal Corporation Information, Nokia Canada Inc., https://www.ic.gc.ca/app/scr/cc/CorporationsCanada/fdrlCrpDtls.html?corpId=10708089 (last visited Jul. 10, 2022) |

**FILED UNDER SEAL**

Defendants' motion demonstrated that WSOU lacks constitutional standing to assert the '360 patent because of three independent fatal deficiencies: (1) a gap in chain of title; (2) t███ ███████████████████████████████████; and (3) the lack of any exclusionary rights before August 21, 2017.  Each deficiency deprives WSOU of constitutional standing, which was required to exist when the lawsuit was brought.  As a consequence, this lawsuit must be dismissed.

WSOU incorrectly argues that all of Defendants' arguments implicate only statutory standing, and thus that they are not properly raised under Rule 12(b)(1).  WSOU is wrong—the question of whether *any* exclusionary rights exist is squarely an issue of constitutional standing.

As to the gap in chain of title, WSOU fails to identify *any* written agreement assigning the '360 patent between *Alcatel-Lucent Canada* and *Alcatel Lucent*.  WSOU's attorney arguments cannot fill such a void.  This gap alone is fatal to WSOU's standing.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ And, contrary to WSOU's argument, lack of such right is a constitutional standing issue.

Finally, as a last resort, WSOU argues that the Court can reform the contract to effectuate

the parties' intent allegedly reflected in a letter agreement signed one year *after* this lawsuit was filed. WSOU's extraordinary request defies precedent. It is axiomatic that constitutional standing cannot be fixed retroactively. Indeed, WSOU cannot cite a single case where a patent assignment was reformed retroactively to provide constitutional standing. This lawsuit should be dismissed.

I. ███████████████████████████



Br. 3-4, 10-12. It is undisputed that Alcatel-Lucent Canada Inc.—the most recent assignee of the patent (through an April 13, 2007 assignment from Tropic Networks, Inc.)—*never* assigned the patent to Alcatel Lucent. *Id.* Even though WSOU bears the burden to prove there is no gap in the chain of title (Br. 10-11), WSOU identifies nothing to fill this gap. Opp. 19-20; *EMA Electromechanics, Inc. v. Siemens Corp.*, 2022 WL 2759094, at *3 (W.D. Tex. July 13, 2022). Nevertheless, WSOU contends that this fundamental problem somehow is resolved because, according to WSOU, (1) Alcatel-Lucent Canada Inc. allegedly became Nokia Canada Inc., (2) Nokia Canada Inc. is an "affiliate" of Nokia, and (3) ████████████████████████████████

As an initial matter, WSOU still fails to cite a single document showing that Alcatel-Lucent Canada Inc. changed its name to Nokia Canada Inc. If such name change actually occurred, as WSOU argues, it is surprising that a change of name was not filed at the USPTO (or that no change of name document exists). Indeed, earlier in the chain of title for the '360 patent, former patent owner 6467253 Canada Inc. changed its name to Tropic Networks Inc. and filed the appropriate documents with the USPTO. Ex. C (USPTO Reel 018904 Frame 0422).

**FILED UNDER SEAL**

Another flaw in WSOU's name-change theory is that Nokia Canada Inc. *did not exist until April 1, 2018*. Ex. AA (Federal Corporation Information, Nokia Canada Inc.). Yet, WSOU allegedly acquired the patent *in August 2017*. Unsurprisingly, WSOU cites no evidence indicating that Nokia Canada Inc. existed at the time of WSOU's attempted acquisition of the '360 patent. It is axiomatic that if such Nokia Canada Inc. did not exist at the time of the alleged assignment it could not have been "affiliated" with anyone, much less Nokia.[1]

*Arguendo,* even if Nokia Canada Inc. existed in 2017 and had acquired Alcatel Canada Inc.'s interest in the '360 patent, it does not resolve the missing assignment of the '360 patent to *Alcatel Lucent*.[2] There is *no* assignment of the patent from such "Canada" entity *to Alcatel Lucent*. Br. 3. ██████████ ██████████ Opp. 19-20; *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010) ("Common corporate structure does not overcome the requirement that even between a parent and a subsidiary, an appropriate written assignment is necessary to transfer legal title from one to the other."). WSOU fails to even address Defendants' explanation that ██████████ ██████████ ██████████ ██████████ Br. 11. No such assignment for the '360 patent exists. ██████████

---

[1] WSOU's sole documentary "support"—a 2021 Nokia SEC statement (Opp. 19 n.7)—is irrelevant. At best, it shows Nokia Corp. and Nokia Canada Inc. were affiliates *in 2021*, not 2017.

[2] As explained *infra* Section II(A), the '360 patent was not assigned from Alcatel Lucent to WSOU. ██████████ But, as discussed, Alcatel Lucent had no rights in the patent to assign. ██████████

3

**FILED UNDER SEAL**

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

A defect in chain of title presents a constitutional standing problem, and WSOU does not argue otherwise. Br. 8-11. A defect in constitutional standing also cannot be cured retroactively. *Id.* Thus, WSOU's June *2021* letter does not fix WSOU's core problem that this gap in chain of title existed at the time WSOU instituted this lawsuit in June *2020*.[3] That glaring defect is thus fatal to WSOU's standing to assert the '360 patent, and this motion can be granted for that reason alone. *EMA*, 2022 WL 2759094, at *10 (dismissing case for gap in chain of title).

II. ███████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████. ████████████████████████████████████████

████████████████████████ WSOU cites no contrary authority, and entirely ignores this settled law and Defendants' cases. T█████████████████████████████████

---

[3] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████

**FILED UNDER SEAL**

██████████████████████████████████████

**B.** ███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████ Critically, Defendants sought discovery into WSOU's pre-suit negotiations, but the Court denied that request based on WSOU's privilege objections. D.I. 169 ¶ 1. Privilege cannot be used as a sword and a shield. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("[P]arty may not use privileged information both offensively and defensively at the same time."); *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th

Cir. 2003) ("[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.").

██████████████████████████████████████

████████████████████████████████." Opp. 17.  But WSOU provides no evidence of these other purported activities.  ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ *EMA*, 2022 WL 2759094, at *6 (no weight to biased party's declaration); *Dutschmann v. City of Waco*, 2022 WL 837500, at *3 (W.D. Tex. Feb. 23, 2022) ("[L]egal conclusions" are "inappropriate for inclusion in a sworn declaration"); *W.C. Chapman, L.P. v. Cavazos*, 2022 WL 1558502, at *5 (E.D. Tex. May 17, 2022) (disregarding conclusions in declaration); *Cofimco USA,*

---

[4] WSOU never produced any evidence about activities that do not involve patent "assert[ions] and/or filing" infringement lawsuits, despite Defendants' RFPs.  Ex. W (RFPs), RFPs 83, 85.

6

*Inc. v. Mosiewicz*, 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016) (giving little weight to "two self-serving declarations submitted by [Plaintiff]").

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████  ████

██████████████████████████████████████

████████████████████████████████ It is well settled that a void *ab initio* provision *automatically* renders the assignment invalid (*i.e.,* as if no assignment took place to begin with). Br. 14 (citing cases). WSOU fails to respond to this precedent. Opp. 17.

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

Therefore, any patent assignment to WSOU would still be ineffective.

C. ████████████████████████████████

For the reasons discussed above, the lack of assignment of the '360 patent to WSOU means WSOU has *no* exclusionary rights to the patent. The lack of any exclusionary rights is precisely why constitutional standing is implicated. Br. 8-10. ███████████████████

██████████████████████████████████████

█████████████████████████████████ Opp. 15. This is

---

5 ██████████████████████████████████ Opp. 17.

incorrect, as defects in constitutional standing cannot be cured retroactively. Br. 9-10.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████ t. *In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 754 (6th Cir. 2008) ("Our obligation under New York law is to discern the parties' 'purpose and intent' from the 'four corners of the document.'"); *Hoeg Corp. v. Peebles Corp.*, 60 N.Y.S.3d 259, 261 (2017) (determining "intent" from contract "without looking to extrinsic evidence to create ambiguities"). Thus, WSOU's arguments should be disregarded.[6] *MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*, 58 N.Y.S.3d 874 (N.Y. Sup. 2017) ("[P]arty's own subjective understanding of a contract, even if it makes commercial sense, is irrelevant.").

### III. WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES

Contrary to WSOU's assertion (Opp. 8-11), whether WSOU had *any* exclusionary rights for the pertinent time period (pre-August 21, 2017) raises a question of constitutional standing. As constitutional standing "can be raised at any time," WSOU's "procedural defects" arguments regarding the instant motion are meritless. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004).

Specifically, WSOU argues that "past damages" is a question of prudential or "statutory" standing. Opp. 9. Notably, WSOU cites not a single case holding that the question of whether *any* rights exist to past damages raises only a statutory standing question. Instead, WSOU misconstrues the Federal Circuit's standing cases and insists it must only allege that "(i) Brazos is the owner of the asserted patent; (ii) Dell has infringed the asserted patent; (iii) Brazos suffered

---

[6] WSOU's cited cases, Opp. 15, are distinguishable. ██████████████████████
████████████████████████████████████████████████████████████████

economic injury caused by Dell; and (iv) Brazos is entitled to recover damages." Opp. 10. If mere allegation were sufficient, standing would never be an issue in any case.[7]

Rather, in *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, the Federal Circuit confirmed that whether a party possesses *any* exclusionary rights for the pertinent time period is a constitutional standing issue, while prudential standing examines the *substantiality* of those rights. 925 F.3d 1225, 1234-36 (Fed. Cir. 2019) (plaintiff had exclusionary rights and thus, constitutional standing—but, constraints on exercise of the rights during pertinent period meant it lacked "all substantial rights" and needed to join the assignor as co-plaintiff); Br. 9-10. WSOU's sole argument, that it had *some* "exclusionary rights" when it filed its complaint, overlooks that it had *no* rights before August 21, 2017. Without exclusionary rights *for that* period, WSOU cannot show injury during that period. *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263-67 (Fed. Cir. 2010) (constitutional standing "coterminous with" scope of exclusionary rights). Thus, WSOU's prudential standing arguments are erroneously premised and should be disregarded.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ WSOU has it backwards. In New York, a specific contractual provision controls over a more general one. Br. 20 (citing cases). The Federal Circuit also follows this canon of contract interpretation. *Hometown Fin., Inc. v. U.S.*, 409 F.3d 1360, 1369 (Fed. Cir. 2005).[8]

---

[7] WSOU asserts *Schwendimann* supports its argument that standing can be met via boilerplate allegations. But that case did not analyze whether a patentee's lack of rights for the pertinent period posed a constitutional standing problem; it analyzed what constitutes a written assignment. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020). Given that the Federal Circuit analyzed the written agreement, WSOU's assertion that simply alleging ownership is sufficient to confer standing is wrong.

[8] ████████████████████████████████████████████

**FILED UNDER SEAL**



---

[9] WSOU asserts *DDB Techs., LLC v. MLB Advanced Media, L.P.* rejected the same argument made by Defendants here. Opp. 14. But that case did not reach ownership—it was remanded for further discovery. 517 F.3d 1284, 1294 (Fed. Cir. 2008) ("Because we hold that further jurisdictional discovery was warranted, we do not reach the issue of whether the district court correctly held on the previous record that the patents in suit fell within the scope of Barstow's employment agreement[.]").

10

**FILED UNDER SEAL**

Dated: July 18, 2022        By:   */s/ Barry K. Shelton*
                                               Barry K. Shelton
                                               Texas State Bar No. 24055029
                                               bshelton@winston.com
                                               **WINSTON & STRAWN LLP**
                                               2121 North Pearl Street, Suite 900
                                               Dallas, TX  75201
                                               Telephone:  214-453-6407
                                               Facsimile:  214-453-6400

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 18, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by e-mail.

*/s/ Barry K. Shelton*
Barry K. Shelton
