# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>*Defendants*. | Case No. 6:20-cv-00480-ADA-DTG<br>Case No. 6:20-cv-00481-ADA-DTG<br>Case No. 6:20-cv-00486-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br> |

**DEFENDANTS' MOTION TO EXCLUDE CERTAIN PORTIONS OF DR. STAN MCCLELLAN'S EXPERT REPORT REGARDING INDIRECT INFRINGEMENT**

**TABLE OF CONTENTS**

<u>Page</u>

I. LEGAL STANDARD ...........................................................................................................1

II. DR. MCCLELLAN'S INDIRECT INFRINGEMENT OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE IRRELEVANT AND UNRELIABLE ...................1

## TABLE OF AUTHORITIES

Page(s)

### CASES

*CQ, Inc. v. TXU Min. Co., L.P.*,
  565 F.3d 268 (5th Cir. 2009) ...................................................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ...................................................................................................................1

*Filgueira v. U.S. Bank Nat. Ass'n*,
  734 F.3d 420 (5th Cir. 2013) ...................................................................................................2

*Finalrod IP, LLC v. Endurance Lift Solutions, Inc.*,
  2021 WL 4906217 (E.D. Tex. 2021) .......................................................................................1

*Klebe v. Univ. of Texas Sys.*,
  2009 WL 10669561 (W.D. Tex. Feb. 25, 2009) ....................................................................3

*Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*,
  2014 WL 529983 (D. Del. Feb. 7, 2014) ................................................................................3

*Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*,
  61 F. Supp. 3d 437 (D. Del. 2014) ..........................................................................................3

*Moore v. Ashland Chem. Inc.*,
  151 F.3d 269 (5th Cir. 1998) ...................................................................................................1

*Pisony v. Commando Constructions, Inc.*,
  2020 WL 4934463 (W.D. Tex. Aug. 24, 2020) ..................................................................1, 3

### RULES

Fed. R. Evid. 401 ..........................................................................................................................1, 3

Fed. R. Evid. 702 .............................................................................................................................1

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '133 Patent | U.S. Patent No. 7,539,133 |
| '360 Patent | U.S. Patent No. 7,092,360 |
| '800 Patent | U.S. Patent No. 9,164,800 |
| '133 Infringement Report | Infringement Report for the '133 Patent |
| '360 Infringement Report | Infringement Report for the '360 Patent |
| '800 Infringement Report | Infringement Report for the '800 Patent |
| Defendants | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. |
| Final Infringement Contentions | WSOU's Final Infringement Contentions for the '133, '360, and '800 Patent, all served on June 25, 2021 |
| Patents-in-Suit | '133 Patent, '360 Patent, and '800 Patent, collectively |
| VMware | VMware, Inc. |
| WSOU | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | December 21, 2020 Hearing Transcript ("12/21/20 Hearing Tr.") |
| B | April 2021 Email Exchange with WSOU ("4/2/21 E-mail Exchange with WSOU") |
| C | Infringement Report for the '133 Patent ("'133 Inf. Report") |
| D | Infringement Report for the '360 Patent ("'360 Inf. Report") |
| E | Infringement Report for the '800 Patent ("'800 Inf. Report") |
| F | Excerpts from the Deposition of Dr. McClellan, dated 11/23/2022 ("McClellan Nov. Tr.") |
| G | Excerpts from the Deposition of Dr. McClellan, dated 12/12/2022 ("McClellan Dec. Tr.") |
| H | WSOU's Final Infringement Contentions for the '133 Patent, served on June 25, 2021 (collectively, "Final Infringement Contentions") |
| I | WSOU's Final Infringement Contentions for the '360, served on June 25, 2021 (collectively, "Final Infringement Contentions") |
| J | WSOU's Final Infringement Contentions for '800, served on June 25, 2021 (collectively, "Final Infringement Contentions") |

The indirect infringement opinions of WSOU's technical expert, Dr. McClellan, should be excluded. At the outset of this litigation, the Court dismissed WSOU's indirect infringement claims as to all three Asserted Patents. Ex. A (12/21/20 Hearing Tr.) at 76:16–17. As WSOU failed to timely replead the indirect infringement claims, any expert opinion on such claims is irrelevant. Dr. McClellan himself confirmed at deposition that he had no opinion on indirect infringement. Yet, he asserts in all three of his infringement reports that VMware indirectly infringes the Asserted Patents. The Court should exclude these conclusory assertions about indirect infringement because they are irrelevant and unreliable. They should also be stricken as WSOU failed to disclose any theory of indirect infringement in its Final Infringement Contentions.

**I.    LEGAL STANDARD**

Under *Daubert* and Rule 702, expert opinion evidence must be both reliable and relevant to the issue before the trial court. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594-95 (1993); Fed. R. Evid. 702; *Finalrod IP, LLC v. Endurance Lift Solutions, Inc.*, 2021 WL 4906217, *1 (E.D. Tex. 2021). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The offering party bears the burden of demonstrating that it is reliable and relevant. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Further, "expert infringement reports may not introduce theories not previously set forth in infringement contentions." *Pisony v. Commando Constructions, Inc.*, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020).

**II.   DR. MCCLELLAN'S INDIRECT INFRINGEMENT OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE IRRELEVANT AND UNRELIABLE**

Dr. McClellan's assertions of indirect infringement should be excluded because WSOU's indirect infringement claims have been dismissed from this litigation, because they lack any

analysis at all, and because WSOU failed to disclose them in its Final Infringement Contentions.

**The Indirect Infringement Claims Were Dismissed and WSOU Failed to Replead Them.** At the December 21, 2020 hearing on Defendants' motions to dismiss, the Court dismissed WSOU's indirect infringement claims as to the Asserted Patents. Ex. A (12/21/20 Tr.) at 76:16–17. The Court provided that WSOU would have three months after the claim construction hearing to replead those claims, if applicable. *Id.* at 76:18–77:02. WSOU even agreed to this on the record and later confirmed its understanding that "the Court dismissed the indirect infringement . . . claims without prejudice" in writing. Ex. A at 76:12-13; Ex. B (4/2/21 E-mail Exchange with WSOU). The Scheduling Order also reflected the deadline. D.I. 54 at 3. The claim construction hearing occurred on May 26, 2021, and WSOU never tried to replead indirect infringement during the three-month period that followed. Thus, WSOU is foreclosed from pursuing indirect infringement. *See Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

**WSOU's Final Infringement Contentions.** On June 26, 2021, WSOU served its Final Infringement Contentions for the Asserted Patents. *See generally* Exs. H; I; J. None disclosed any theory of indirect infringement, or even mention indirect infringement.

**Dr. McClellan's Belated and Cursory Indirect Infringement Opinions.** Although WSOU's indirect infringement claims were laid to rest more than a year ago, ███████ ████████████████████████████ ████████████ ██████████ █████████████████. Exs. C ('133 Inf. Report) ¶ 26; D ('360 Inf. Report) ¶ 27; E ('800 Inf. Report) ¶ 27. ████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████. ██████████████████

2

██████████████████████████████████████████████████

████████████████████████ (████████████████████████

██████████████████████); Ex. G (McClellan Dec. Tr.) 535:18–536:10.

**Dr. McClellan's Indirect Infringement Opinions Should Be Excluded and Stricken.**

Because WSOU's indirect infringement claims have been dismissed, Dr. McClellan's conclusory assertions of indirect infringement have no tendency to make a fact "of consequence in determining the action" more or less probable. His indirect infringement opinions therefore should be excluded as irrelevant. Fed. R. Evid. 401; *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 277 (5th Cir. 2009) (affirming, as irrelevant, exclusion of expert report that was based on previously dismissed claims); *see also Klebe v. Univ. of Texas Sys.*, 2009 WL 10669561, at *2 (W.D. Tex. Feb. 25, 2009).

Dr. McClellan's opinions also should be excluded as unreliable legal conclusions. He offers only a conclusory statement asserting indirect infringement for each patent. Exs. C ('133 Inf. Report) ¶26; D ('360 Inf. Report) ¶ 27; E ('800 Inf. Report) ¶ 27. Expert opinions must identify the specific, testable bases for any conclusion. *Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, 2014 WL 529983 (D. Del. Feb. 7, 2014), adopted by *Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, 61 F. Supp. 3d 437, 441-42 (D. Del. 2014). Because he offers no relevant analysis for his assertions, they must be excluded as unsupported legal conclusions.

Finally, Dr. McClellan's indirect infringement opinions should be excluded because WSOU failed to disclose any indirect infringement theory in its Final Infringement Contentions. *See generally* Exs. H, I, J; *Pisony*, 2020 WL 4934463, at *1.

Thus, the Court should strike '133 Infringement Report ¶¶ 26 and 41; '360 Infringement Report ¶¶ 27, 41, and 197; and '800 Infringement Report ¶¶ 27–41, and preclude Dr. McClellan from providing any testimony with respect to indirect infringement at trial.

3

Dated: December 19, 2022        By:   */s/     Brian A. Rosenthal*

        Barry K. Shelton
        Texas State Bar No. 24055029
        bshelton@winston.com
        **WINSTON & STRAWN LLP**
        2121 North Pearl Street, Suite 900
        Dallas, TX  75201
        Telephone:  214.453.6407
        Facsimile:  214.453.6400

        Benjamin Hershkowitz
        bhershkowitz@gibsondunn.com
        Brian A. Rosenthal
        brosenthal@gibsondunn.com
        Allen Kathir
        akathir@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        200 Park Avenue
        New York, NY  10166-0193
        Telephone:  212.351.4000
        Facsimile:  212.351.4035

        Y. Ernest Hsin
        ehsin@gibsondunn.com
        Jaysen S. Chung
        jschung@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        555 Mission Street, Suite 3000
        San Francisco, CA  94105-0921
        Telephone:  415.393.8200
        Facsimile:  415.393.8306

        Ryan K. Iwahashi
        riwahashi@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        1881 Page Mill Road
        Palo Alto, CA  94304-1211
        Telephone:  650.849.5300
        Facsimile:  650.849.5333

        Nathaniel R. Scharn
        nscharn@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        3161 Michelson Drive
        Irvine, CA  92612-4412
        Telephone:  949.451.3800

Facsimile:  949.451.4220

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on December 19, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document (which is filed under seal) through email.

*/s/ Brian A. Rosenthal*
Brian A. Rosenthal
