PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>*Defendants.* | Civil Action No.: 6:20-cv-00480-ADA-DTG<br>Civil Action No.: 6:20-cv-00481-ADA-DTG<br>Civil Action No.: 6:20-cv-00486-ADA-DTG<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION |

**PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINIONS IN THE EXPERT REPORTS OF BENJAMIN F. GOLDBERG, PH.D. AND KEVIN JEFFAY, PH.D. REGARDING INVALIDITY OF U.S. PATENT NO. 9,164,800 AND LICENSING OPINIONS OF TAJANA ROSING, PH.D. AND KEVIN JEFFAY, PH.D.**

Plaintiff respectfully objects to and appeals Magistrate Judge Gilliland's Report and Recommendation ("R&R") denying Plaintiff's Motion to Exclude Certain Opinions in the Expert Reports of Benjamin F. Goldberg, Ph.D. and Kevin Jeffay, Ph.D. Regarding Invalidity of U.S. Patent No. 9,164,800 (the "'800 patent") and Licensing Opinions of Tajana Rosing, Ph.D. and Kevin Jeffay, Ph.D., as it contains erroneous findings of fact and contradicts the pertinent law and procedures.[1] *See, e.g., Baylor Health Care Sys. v. Equitable Plan Servs.,* 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.") The R&R is clearly erroneous as the opinions of Defendants' experts, Drs.

---

[1] Pursuant to the R&R, dated January 30, 2023, (Dkt. 345), the Court's reasoning is stated on the record of the hearing held on January 27, 2023. The hearing transcript is not yet available. Submitted herewith is the Declaration of Jonathan K. Waldrop, dated February 10, 2023 ("Waldrop Declaration"). "Ex." refers to exhibits attached to the Waldrop Declaration.

Goldberg and Jeffay, ███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████.

**A.    The R&R Should Have Excluded Drs. Goldberg and Jeffay's Invalidity Opinions Regarding the '800 Patent As They Are Unreliable**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

This analysis by Drs. Goldberg and Jeffay does not satisfy the requisite element-by-element analysis under the law. As a result, that methodology is flawed – and the R&R is wrong in not excluding their opinions – because it is well-settled law that "an accused infringer cannot . . . . establish invalidity merely by pointing to similarities between an accused product and the prior art." *Communique Lab'y, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018).[2] In this case,

---

[2] *See also In re Omeprazole Pat. Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008) ("It is well established, however, that 'practicing the prior art' is not a defense to infringement."); *Tivo, Inc. v. EchoStar*

PUBLIC VERSION

Drs. Goldberg and Jeffay did precisely what *Communique* prohibits: ███████

███████

███████

███████

███████

███████

███████

███████

███████

███████

███████

███████

███████

███████

███████ ███████ That purported analysis is precisely the type of comparison of prior art to the accused product that the Federal Circuit has rejected.

███████

███████

---

*Commc's Corp.*, 516 F.3d 1290, 1311-12 (Fed. Cir. 2008) (affirming the district court decision that excluded the expert's testimony based on opposing party's alleged infringement theories).

[3] ███████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████ Thus, Defendants' experts' opinions are unreliable as a matter of law.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ Indeed, a Chevy and a Cadillac might be considered "functionally identical" in that both GM cars can drive from point A to point B – but they are *not* identical, and their differences are relevant on many levels. The two cars share numerous characteristics, but the luxury brand is certainly different

██████████████████████████████████████████████████████

█████████ █████████████████████████████████████████████

████████████████ ██████████████████████████████████████

██████████████████████████████████████████████████████

---

4 ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

█ ████████████████████████████████████████████████████
██████████████████████████████████████████████████████

█ ████████████████████████████████████████████████████
████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████.

███████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████ and the R&R is clearly erroneous in not excluding their opinions on invalidity. Rather, as in *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), "there is simply too great an analytical gap between the data and the opinion proffered.").[7] Accordingly, Defendants' experts

---

[7] *See also Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, No. 07-127-LPS-MPT, 2014 U.S. Dist. LEXIS 15674, at *38 (D. Del. Feb. 7, 2014) (providing only "data and a conclusion, with the chasm between not bridged by any analysis" is insufficient to sustain an expert's opinions); *Novico Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190-JRG-RSP, 2017 WL 3750252, at *4 (E.D. Tex. July 29, 2017), *adopted by Navico Inc. v. Garming Int'l, Inc.*, 2017 WL 3837282, at *2 (E.D. Tex. Aug. 31,

should not be permitted to baldly testify, as they have opined, ▮

▮

▮

**B.    The R&R Should Have Excluded Drs. Rosing and Jeffay's Licensing Opinions Because They Are Unreliable**

The R&R also erroneously failed to exclude Drs. Rosing and Jeffay's licensing opinions. Their opinions that ▮

▮ are bare, unsupported assertions, ▮

▮

▮

▮

▮

▮

▮ Accordingly, neither expert had any basis to support their opinions that these licenses are comparable. Thus, the R&R should have excluded Drs. Jeffay and Rosing's opinions ▮.

---

2017) (product did not qualify as prior art where defendant failed to meet its burden to show there were no relevant differences between system described in manual and system sold years earlier); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 2013 WL 1702159, at *1 (D. Del. Feb. 25, 2013.



PUBLIC VERSION

## C.   Conclusion

For these reasons, Plaintiff respectfully requests that this Court sustain Plaintiff's objections and vacate Magistrate Judge Gilliland's Report and Recommendation denying Plaintiff's Motion to Exclude Certain Opinions in the Expert Reports of Benjamin F. Goldberg, Ph.D. and Kevin Jeffay, Ph.D. Regarding Invalidity of U.S. Patent No. 9,164,800 and Licensing Opinions of Tajana Rosing, Ph.D. and Kevin Jeffay, Ph.D.

Dated:  February 10, 2023

RESPECTFULLY SUBMITTED,

By:  /s/ Jonathan K. Waldrop
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com

Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

PUBLIC VERSION

        Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com

Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 17th day of February, 2023, via the Court's CM/ECF System.

<i>/s/ Jonathan K. Waldrop</i><br>
Jonathan K. Waldrop