# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,**<br><br>*Defendants.* | **Civil Action No.: 6:20-cv-00480-ADA-DTG**<br>**Civil Action No.: 6:20-cv-00481-ADA-DTG**<br>**Civil Action No.: 6:20-cv-00486-ADA-DTG**<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (-480, DKTS. 345, 346; -481, DKTS. 346, 347; -486, DKT. 346)

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

# TABLE OF CONTENTS

I. DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF DEFENDANTS' MOTION TO EXCLUDE DR. WEINSTEIN'S OPINIONS SHOULD BE OVERRULED ................................................................................................ 1

II. OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' MOTION TO STRIKE OR EXCLUDE DR. MCCLELLAN'S OPINIONS SHOULD BE OVERRULED ........................................................................ 4

III. DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT SHOULD BE OVERRULED ............................................................... 6

   A. Defendants' To The Magistrate Judge's Recommended Denial Of Defendants' Motion For Summary Judgment Of Non-Infringement Of The '800 Patent Should Be Overruled ................................................................................................................ 6

   B. Defendants' Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Summary Judgment of Non-Infringement of the '360 Patent Should be Overruled ................................................................................... 7

   C. Defendants' Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Summary Judgment of Non-Infringement of the '133 Patent Should be Overruled ................................................................................... 8

IV. DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' OPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 12(B)(1) SHOULD BE OVERRULED ............................................................................... 9

V. OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' MOTION FOR JUDGEMENT OF INELIGIBILITY UNDER RULE 12(C) SHOULD BE OVERRULED ......................................................... 10

   A. Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Judgement of Ineligibility of the '800 Patent Should be Overruled... 10

   B. Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Judgement of Ineligibility of the '360 Patent Should be Overruled... 11

VI. BRAZOS'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE TO THE AUSTIN DIVISION ............... 13

VII. CONCLUSION ................................................................................................................ 13

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Plaintiff submits this opposition to Defendants' Objections to the Magistrate Judge's Report and Recommendations (-480, Dkts. 345, 346; -481, Dkts. 346, 347; -486, Dkt. 346) (the "R&R"). The Magistrates Judge's decisions were correct under the facts and the law.

## I. DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF DEFENDANTS' MOTION TO EXCLUDE DR. WEINSTEIN'S OPINIONS SHOULD BE OVERRULED

**The '360 Patent Damages**. The Magistrate Judge correctly did not include the '360 patent in its ruling as to the '800 patent that Mr. Weinstein is precluded from presenting damages based on software only sales, for the reasons described in Plaintiff's Opposition, in the email correspondence with the court, and for the reasons argued during the February 3, 2023 hearing, and those arguments are incorporated herein by reference. *See, e.g.*, -480, Dkts. 280, 345, 346; 1/30/23 Hearing Tr. at 106-138; Ex. 1 (emails); 2/3/2023 Hearing Tr. at 106-138. The R&R as modified is correct because Defendants did not move: (1) on summary judgment finding software-only products do not infringe the '360 patent or (2) to exclude Mr. Weinstein's damages opinion regarding the same. Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report did not expressly seek to exclude Mr. Weinstein's damages opinions based on software sales of the Accused Products that are accused of infringing claims 1 and/or 21 of the '360 patent. Case No. -486, ECF 249. Brazos' Opposition Brief made clear that "[a]lthough Brazos alleged vSphere also infringes the '360 patent, VMware does not argue in its Motion that Mr. Weinstein's damages opinion improperly calculates damages for hardware and software relating to that patent." Case No. -486, ECF 283 at 4 n.2. By contrast, Defendants' only reference to the software sales issue for the '360 Patent was limited to a subheading (without any explanation) in their Reply Brief: "vSphere ('360 and '800 patents)." Case No. -486, ECF 326 at 5. But Defendants' fleeting reference to the '360 patent in their Reply Brief cannot form the basis to seek such relief to exclude Mr. Weinstein's damages opinions for software-only versions of the

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Accused Products that infringe claim 1 and/or 21 of the '360 patent. Instead, Defendants improperly swept Mr. Weinstein's damages opinion on the '360 patent without basis into their argument for the '800 patent. Furthermore, claims 1 and 21 of the '360 patent are different than claim 12 of the '800 patent that led the Court to grant in part Defendants' motion for summary judgment of noninfringement on the 800 patent. And so the motion for summary judgment on the '800 patent, which formed much of the basis for the Court's ruling granting in part Defendants' motion to exclude, does not have any implication on the '360 patent.[1]

Because Defendants did not move for summary judgment or to exclude Dr. McClellan's and Mr. Weinstein's opinions with respect to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiff raised these issues with the Magistrate Judge and requested that the Court modify its R&R with respect to its ruling on Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report. Ex. 1. After reviewing the parties' correspondence, the Magistrate Judge agreed with Plaintiff:

> After a review of the motions (ECF 246 in the -481 case), it does not raise the software-only issue regarding the '360 patent. Additionally, the summary judgement (ECF 244 in -481 case) that was granted that lead to the limitation on the '800 patent did not address the '360 patent. The MSJ directed at the '360 patent (ECF 247 in case -486) was denied in part and granted in part, and the Daubert of McClellan in the '360 case (ECF 245 in -486 case) was denied. The Court thus erred when it included the reference to the '360 patent with the ruling on the '800 patent, and an amended order will be docketed removing the reference to the '360 patent.

*Id.* The Magistrate Judge then issued its modification of the R&R, so that it no longer granted Defendants' motion as to the '360 Patent. R&R at 2. Despite the Magistrate Judge's decision, Defendants provided more briefing to the court via email and requested the Magistrate Judge reconsider its modification with respect to the '360 patent. Ex. 1. The Magistrate Judge agreed to

---

[1] Mr. Weinstein's opinion for the 360 patent is also not based on software only sales, but a combination of software and hardware. See Dkt 368 (Motion for Reconsideration); Dkt. 376 (Supplemental Report Briefing).

hold a short hearing on February 3, 2023. Ex. 1. But after hearing from both parties, the Magistrate Judge denied Defendants' motion for reconsideration and upheld the modification. The Magistrate Judge's decision is not clearly erroneous or contrary to law.[2]  2/3/2023 Hearing Tr.

**Convoyed Sales.** The Court correctly rejected VMware's argument that Mr. Weinstein improperly included services in his royalty base. R&R at 2; 1/30/23 Hearing Tr. at 106-138. Mr. Weinstein properly relied upon the fact that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Plaintiff argued that even under *Realtime Data, LLC v. Actian Corp.,* No. 6:15-cv-463, 2017 WL 1513098 (E.D. Tex. April 27, 2017), Mr. Weinstein's inclusion of services was proper because Mr. Weinstein explained that the services revenues were expressly tied to the sales of the Accused Products because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Court agreed with Plaintiff's arguments, holding: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

**Apportionment.** The Court correctly rejected VMware argument that Mr. Weinstein's opinions are unreliable because he adopted the apportionment analysis conducted by Brazos's

---

[2] The Magistrate Judge also correctly denied VMWare's Motion with respect to their arguments about the '133 patent and alleged non-infringing configurations by customers. R&R at 2.

technical expert, Dr. Stan McClellan. Dkt. 347 at 2; 1/30/2023 Hearing Tr. at 136:20-35. Mr. Weinstein properly conducted his own independent economic apportionment analysis (Dkt 282 (Ex. 1, Weinstein Report) at ¶¶ 96-97)) and properly relied upon the technical expertise of Dr. McClellan to ascertain the incremental value of the patented technology, and it is well established that a damages expert is entitled to rely upon the technical analysis of another expert when that analysis is outside the damages' expert's expertise. *See* Dkt. 282 (Opposition 5-7); *Apple Inc. v. Motorola, Inc.,* 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Consistent with Rule 703, patent damages experts often rely on technical expertise outside of their field when . . . valuing the importance of the specific, infringing features in a complex device."); *Longhorn HD LLC v. NetScout Sys.,* No. 2:20-cv00349-JRG-RSP, 2022 U.S. Dist. LEXIS 55457, at *9 (E.D. Tex. March 27, 2022) (holding a damages expert "may rely on [a technical expert's] opinion about the technical importance of the patent-in-suit to support [his] apportionment analysis."). Thus, this Court should overrule Defendants' objections.

**II.     OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' MOTION TO STRIKE OR EXCLUDE DR. MCCLELLAN'S OPINIONS SHOULD BE OVERRULED**

The Magistrate Judge's recommendation to deny Defendants' motions to strike or exclude Dr. McClellan's opinions was correct for the reasons described in Plaintiff's Oppositions and at the January 30, 2023 hearing, and those arguments are incorporated herein by reference.

- The '133 patent. █████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

- The '800 patent. Contrary to Defendants' argument (Dkt. 242 (-481) at 6-7), Dr. McClellan's reliance of h███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████; *see, e.g.*, *MasterObjects, Inc. v. Meta Platforms, Inc.*, No. 21-05428-WHA, 2022 WL 4856269, at *3 (N.D. Cal. Oct. 3, 2022) (denying Meta's motion to strike expert infringement report's citations to IOS and Android source code not identified in the contentions because those were accused features); *Fenner Invs.*, 2010 WL 786606, at *2 (denying motion to strike infringement report concerning layer 3 switches even though contentions did not include how the layer 3 switches retain layer 2 MAC addressing as required by the claims).

- The '360 patent. Dr. McClellan applied the court's claim constructions. Further, he explains that ███████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

   ███████████████████████████████████

5

██████████████████████████████

██████████████████. Id.

## III. DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT SHOULD BE OVERRULED

### A. Defendants' To The Magistrate Judge's Recommended Denial Of Defendants' Motion For Summary Judgment Of Non-Infringement Of The '800 Patent Should Be Overruled

The Magistrate Judge's recommendation to deny Defendants' motion for summary judgment of the '800 patent was correct for the reasons described in Plaintiff's Opposition, and those arguments are incorporated herein by reference. Plaintiff identified genuine disputes of material fact, and the Magistrate Judge correctly concluded the same:

- Defendants' argument is based upon solely on its incorrect interpretation of the claim language of "latency" that the court has already rejected. Further, Defendants' expert, ███

  ████████████████████████████████
  ████████████████████████████████
  ████████████████████████████████
  ████████████████████████████████
  ████████████████████████████████
  ████████████████████████████████
  ███████████████████████████

- Additionally, Dr. McClellan opines that as part of the assignment recommendations,

  ████████████████████████████████
  ████████████████████████████████
  ████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████

- Defendants' brief does not – because it cannot – meet its burden of proving by clear and convincing evidence that ███████████████████████████████████ ████████████████████████████ See 35 U.S.C. § 273(b); see also *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016) (stating that "Congress expressly erected a higher standard of proof" under § 273(b)). Further, Defendants did not include any chart (invalidity or otherwise). Defendants did not plead or provide requisite notice of a § 273 defense, and therefore was waived and should be denied.

- Contrary to Defendants' argument (Dkt. 244 (-481) at 6-7), D████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████ *see, e.g.*, *MasterObjects, Inc. v. Meta Platforms, Inc.*, No. 21-05428-WHA, 2022 WL 4856269, at *3 (N.D. Cal. Oct. 3, 2022) (denying Meta's motion to strike expert infringement report's citations to IOS and Android source code not identified in the contentions because those were accused features); *Fenner Invs.*, 2010 WL 786606, at *2 (denying motion to strike infringement report concerning layer 3 switches even though contentions did not include how the layer 3 switches retain layer 2 MAC addressing as required by the claims).

**B. Defendants' Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Summary Judgment of Non-Infringement of the '360 Patent Should be Overruled**

The Magistrate Judge's recommendation to deny Defendants' motion for summary judgment of the '360 patent was correct for the reasons described in Plaintiff's Opposition, and

those arguments are incorporated herein by reference. Plaintiff identified genuine disputes of material fact, and the Magistrate Judge correctly concluded the same:

- Dr. McClellan explains that v███████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████

- Defendants argument is premised on that assumption ███████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███

**C.  Defendants' Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Summary Judgment of Non-Infringement of the '133 Patent Should be Overruled**

The Magistrate Judge's recommendation to deny Defendants' motion for summary judgment of the '133 patent was correct for the reasons described in Plaintiff's Opposition, and those arguments are incorporated herein by reference.

- Defendants' argument is based upon its incorrect interpretation of the claim language "determining, for each packet, whether a congestion condition exists for the egress node," which the court has already rejected. Dkt. 244 (-481) at 10-14. In particular, Defendants

8

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████.

- Defendants contend that the queuing priority limitation requires that the VeloCloud ███
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████. ████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████.

### IV. DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' OPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 12(B)(1) SHOULD BE OVERRULED

The Magistrate Judge's denial of Defendants' Motion to Dismiss under 12(b)(1) was correct in every respect for the reasons described in Brazos's opposition to the motion, and those arguments are herein incorporated by reference. *See* -480, Dkt. 203, 226; -481, Dkt. 202; -486 Dkt. 202, 229; 8/4/2023 Hr'g Tr. After fully evaluating the arguments of the parties in briefing and oral argument, the Magistrate Judge correctly determined that: (1) based on the initial patent purchase agreement, the subsequent agreements thereto, the four corners of those agreements, and the subsequent conduct of the parties, the intent of the parties were to transfer all of the patents' right, title, and interest, including the right to sue for past damages, to Brazos; (2) the '360 patent was properly assigned to Brazos; (3) there was no violation of the NPE provision of the agreement;

and (4) the documents filed with the Patent Office were a formality and not the functional assignment agreements. *See* 1/27/2023 Hr'g Tr. at 8-9); *see also* -480, Dkt. 203, 226; -481, Dkt. 202; -486 Dkt. 202, 229. Accordingly, Brazos is the rightful owner of all rights, title, and interest in the patents-in-suit, including the right to sue for past, current, and future patent infringement damages, and the Magistrate Judge correctly denied Defendants' motion.

V. **OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' MOTION FOR JUDGEMENT OF INELIGIBILITY UNDER RULE 12(C) SHOULD BE OVERRULED**

   A. **Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Judgement of Ineligibility of the '800 Patent Should be Overruled**

The Magistrate Judge's recommendation to deny Defendants motion for judgment of the basis of the basis of ineligibility of the '800 patent was correct for the reasons described in Plaintiff's Opposition and those arguments are incorporated herein by reference. The Magistrate Judge correctly rejected Defendants' mischaracterization of the '800 patent claims as directed to an abstract idea of assigning or distributing resources. Dkt. 191 (-481) at 8. Dell's proposed abstract idea is an oversimplification of the claims and does not account for the specific limitations that resulted in the '800 patent being issued.

- The asserted claims of the '800 patent are directed to new and inventive cloud controller(s) in distributed virtual network environments that optimize the assignments of compute nodes to data nodes by determining an assignment objective to reduce latency costs using a specific algorithm of minimizing a total latency a limit for a maximum latency. These claims reflect a patent-eligible improvement to network functionality, efficiency and performance through use of cloud controller(s) assign compute nodes to data nodes (e.g., location and/or placement) by determining an assignment objective to reduce latency costs in a specific way, which is not an abstract idea. *See, e.g.*, *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. Jan. 10, 2018) (stating a method for virus scanning

10

was directed to patent-eligible subject matter under Alice Step 1 because it "employs a new kind of file that enables a computer security system to do things it could not do before," including "accumulat[ing] and utiliz[ing] newly available, behavior-based information about potential threats")

- Even if, arguendo, the asserted claims of the '800 patent were directed to an abstract idea, they would still be patent-eligible. Under Alice Step 2, a claim that fails Step 1 may nevertheless be patent-eligible if it contains unconventional steps that "transform" the invention "into a patent eligible application." *BASCOM*, 827 F.3d at 1347; *CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, 15 F.4th 1091 (Fed. Cir. 2021). "[A] claim directed to an ineligible concept may become patent-eligible when it includes unconventional steps that 'confine[] the claims to a particular application of the principle.'" So, too, the '800 asserted patent claim cover the use of a cloud controller in a distributed virtual network environment that optimizes the assignments of compute nodes to data nodes by determining an assignment objective to reduce latency costs in a specific way.

**B.     Objections to the Magistrate Judge's Recommended Denial of Defendants' Motion for Judgement of Ineligibility of the '360 Patent Should be Overruled**

The Magistrate Judge's recommendation to deny Defendants motion for judgment of the basis of the basis of ineligibility of the '360 patent was correct for the reasons described in Plaintiff's Opposition and those arguments are incorporated herein by reference.  The Magistrate Judge correctly rejected Defendants' oversimplification, which does not account for the limitations that require the monitor to not simply look at input and output from the scheduler, but at elements specific to queues for data cells within the scheduler – limitations that are directly connected to the improvements of the '360 patent claims over the prior art.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

- The '360 patent claims are directed to a new and inventive monitor and scheduler where the monitor detects the state of an element of the scheduler to compare it against a predetermined state of that element to determine whether the scheduler is functioning properly. These claims reflect a patent-eligible improvement to monitors and schedulers and thus, network functionality, such as more rapidly testing and identifying problems with network schedulers, without requiring detailed knowledge of the internal timing of elements of the scheduler, and is not an abstract idea. See, e.g., Finjan, Inc. v. Blue Coat Sys., Inc., 879 F.3d 1299, 1305 (Fed. Cir. Jan. 10, 2018) (stating a method for virus scanning was directed to patent eligible subject matter under Alice Step 1 because they "employ[] a new kind of file that enables a computer security system to do things it could not do before," including "accumulat[ing] and utiliz[ing] newly available, behavior-based information about potential threats").

- A claim that is found to be ineligible under Step 1 may nevertheless be patentable if it contains unconventional steps that "transform" the invention "into a patent eligible application." *BASCOM*, 827 F.3d at 1347; *CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, 15 F.4th 1091 (Fed. Cir. 2021). "[A] claim directed to an ineligible concept may become patent-eligible when it includes unconventional steps that 'confine[] the claims to a particular application of the principle.'" *T-Rex Prop. AB v. Regal Entm't Grp.*, No. 6:16-cv-927-RWS- KNM, 2017 WL 4229372, at *10 (E.D. Tex. Aug. 31, 2017) (citations omitted); *see also BASCOM*, 827 F.3d at 1348 ("some inventions' basic thrust might more easily be understood as directed to an abstract idea, but under step two of the Alice analysis, it might become clear that the specific improvements in the recited computer technology

12

go beyond 'well-understood, routine, conventional activit[ies]' and render the invention patent-eligible.")

## VI. BRAZOS'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DENIAL OF DEFENDANTS' OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE TO THE AUSTIN DIVISION

The Magistrate Judge correctly determined that Defendants failed to meet their heavy burden that the Austin Division is *clearly more* convenient than the Waco Division and correctly denied Defendants' motion for intra-district transfer of venue. Defendants make no real argument why the Magistrate Judge's ruling is "clearly erroneous or is contrary to the law;" nor could they: the Magistrate Judge evaluated each *Volkswagon* factor and determined Defendants failed to carry their burden. As Brazos argued in its opposition to Defendants' transfer motion, all of the factors weigh against transfer or are neutral.[3] Therefore, the Magistrate Judge correctly determined the Austin Division is *not* clearly more convenient and denied Defendant's Motion.

## VII. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court overrule Defendants' objections and adopt the R&R.

---

[3] Brazos incorporates by reference the arguments made in opposition to Defendants' Motion to Transfer. *See* ECF No. 55.

13

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Dated: February 17, 2023              RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory P. Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 17th day of February, 2023.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop