# Exhibit 1

```
                                                                    608
07:34   1                IN THE UNITED STATES DISTRICT COURT
                          FOR THE WESTERN DISTRICT OF TEXAS
        2                            WACO DIVISION

        3    WSOU INVESTMENTS, LLC       *
             DBA BRAZOS LICENSING        *   February 23, 2023
        4    AND DEVELOPMENT             *
                                         *
        5    VS.                         *   CIVIL ACTION NOS.
                                         *
        6    DELL TECHNOLOGIES INC.,     *   W-20-CV-480/481/486
             DELL INC., EMC CORP         *
        7    AND VMWARE INC.             *

        8              BEFORE THE HONORABLE ALAN D ALBRIGHT
                              JURY TRIAL PROCEEDINGS
        9                         Volume 3 of 3

       10    APPEARANCES:

       11    For the Plaintiff:   Jonathan K. Waldrop, Esq.
                                  Marcus A. Barber, Esq.
       12                         John W. Downing, Esq.
                                  Darcy L. Jones, Esq.
       13                         Heather S. Kim, Esq.
                                  ThucMinh Nguyen, Esq.
       14                         Kasowitz Benson Torres, LLP
                                  333 Twin Dolphin Drive, Suite 200
       15                         Redwood Shores, CA 94065

       16                         Hershy Stern, Esq.
                                  Julianne Laporte, Esq.
       17                         Kasowitz Benson Torres LLP
                                  1633 Broadway
       18                         New York, NY 10019

       19                         Paul G. Williams, Esq.
                                  Kasowitz Benson Torres LLP
       20                         1349 West Peachtree Street, NW
                                  Suite 1500
       21                         Atlanta, GA 30309

       22                         Gregory Phillip Love, Esq.
                                  Steckler Wayne Cherry & Love PLLC
       23                         PO Box 948
                                  Henderson, TX 75653

       24

       25
```

609

```
 1                              Mark D. Siegmund, Esq.
                                Melissa Samano Ruiz, Esq.
 2                              Steckler Wayne Cherry & Love, PLLC
                                8416 Old McGregor Road
 3                              Waco, TX 76712

 4     For the Defendant:       Brian Rosenthal, Esq.
                                Benjamin Hershkowitz, Esq.
 5                              Gibson, Dunn & Crutcher LLP
                                200 Park Ave.
 6                              New York, NY 10166

 7                              Jaysen S. Chung, Esq.
                                Y. Ernest Hsin, Esq.
 8                              Gibson Dunn & Cruthcher LLP
                                555 Mission Street, Suite 3000
 9                              San Francisco, CA 94105

10                              Casey J. McCracken, Esq.
                                Nathaniel R. Scharn, Esq.
11                              Emily M. Whitcher, Esq.
                                Gibson, Dunn & Crutcher LLP
12                              3161 Michelson Drive
                                Irvine, CA 92612
13
                                Veronica Smith Moye, Esq.
14                              Gibson, Dunn & Crutcher LLP
                                2001 Ross Avenue, Suite 2100
15                              Dallas, TX 75201

16                              Barry K. Shelton, Esq.
                                Winston & Strawn LLP
17                              2121 N. Pearl Street, Suite 900
                                Dallas, TX 75201
18
       Court Reporter:          Kristie M. Davis, CRR, RMR
19                              PO Box 20994
                                Waco, Texas 76702-0994
20                              (254) 340-6114

21        Proceedings recorded by mechanical stenography,

22     transcript produced by computer-aided transcription.

23

24

25
```

07:36 (line 22)

*KRISTIE M. DAVIS, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (WACO)*

10:23  1    it is now apparently.
10:23  2                And my only point of telling you all this
10:23  3    is when this witness appears, he'll be sworn just like
10:23  4    the other witnesses that you'll have in this case.  The
10:23  5    fact that he is appearing remotely should not impact
10:23  6    your opinion about his credibility, just like the
10:23  7    witnesses who are here in person or who might appear by
10:23  8    deposition.
10:23  9                You are the judges.  You assess the
10:23  10   credibility one way or the other of anything that he
10:23  11   says.  Take it into consideration.  But don't -- he is
10:23  12   of equal dignity appearing by Zoom as he would be here
10:23  13   live.
10:23  14               So we'll take about a ten-minute recess.
10:24  15   We'll get the Zoom set up and then we'll go on with
10:24  16   that.
10:24  17               THE BAILIFF:  All rise.
10:24  18               (Jury exited the courtroom.)
10:24  19               THE COURT:  You may be seated.
10:24  20               Are you able, Mr. Rosenthal, while
10:24  21   they're setting up, to make your motions?
10:24  22               MR. ROSENTHAL:  Yes, Your Honor.
10:24  23               THE COURT:  Okay.
10:24  24               MR. ROSENTHAL:  So, Your Honor, we are
10:24  25   going to file, if we haven't already, but we are going

10:24  1   to file, momentarily, a paper version of the motion.
10:24  2   The motion that we're making is a Rule 50(a) motion and
10:24  3   it will include a number of different bases.
10:24  4              But I want to focus any oral argument on
10:24  5   really one basis that I think makes this a little bit
10:24  6   of a different case than an ordinary case.  And that is
10:25  7   that the plaintiff in this case has not put on any
10:25  8   evidence with respect to several critical limitations
10:25  9   of the singular claim that is at issue in this case.
10:25 10              So as the Court is well aware, we're
10:25 11   dealing with one apparatus claim, Claim 13, and that
10:25 12   apparatus claim -- and I'm happy to put it up on the
10:25 13   screen, although I think you remember it.
10:25 14              THE COURT:  Yeah.
10:25 15              MR. ROSENTHAL:  It has two and only two
10:25 16   structural elements.  There is a processor module and
10:25 17   there is a switching module coupled to the processing
10:25 18   module.  I think it's called a processor module.  I
10:25 19   misspoke.
10:25 20              And as you know, we had a rough go of it
10:25 21   with the direct testimony, but we have very, very
10:25 22   carefully reviewed the transcript.  We have searched
10:25 23   for the word "processor module."  We have searched for
10:25 24   the word "switching module."  We have searched for the
10:25 25   word "coupled" to make sure that we're not

10:25  1    misunderstanding what was said.
10:25  2              But because Dr. McClellan did not have
10:26  3    certain opinions and explanations in his report, the
10:26  4    Court correctly excluded any testimony about certain
10:26  5    things that --
10:26  6              THE COURT:  I remember.
10:26  7              MR. ROSENTHAL:  You remember.  And so --
10:26  8    it's hard to forget.
10:26  9              So here's the things that are missing.
10:26  10   There was no testimony about what the processor module
10:26  11   is in our device.  All that was said was that we
10:26  12   receive traffic, and we do, you know, things with that
10:26  13   traffic.  There was no testimony about what the
10:26  14   processor module is.
10:26  15             There was also no testimony about what
10:26  16   the switching module is.  And the only thing, by the
10:26  17   way, in the expert report that he could have said is
10:26  18   that the switching module is the link scheduler.
10:26  19   There's one, e.g., switching module.  That's what -- he
10:26  20   could have said that.  He didn't.  He didn't say
10:26  21   anything.
10:26  22             And he certainly didn't say anything
10:26  23   about whatever he thinks the processing module is and
10:26  24   whatever he thinks the switching module is being
10:27  25   coupled together.

10:27  1                 The only testimony that he gave that even
10:27  2    relates to those limitations was when counsel asked him
10:27  3    those leading questions and said, do you agree that
10:27  4    this limitation is met?  Yes.
10:27  5                 Do you agree that this limitation is met?
10:27  6    Yes.
10:27  7                 Did you look at source code to confirm
10:27  8    that?  Yes.
10:27  9                 Did you look at documents?  Yes.
10:27 10                 And that's not testimony on which the
10:27 11    jury can base a conclusion of infringement.
10:27 12                 So the other thing that I want to note
10:27 13    about that is these aren't just a couple of random
10:27 14    limitations.
10:27 15                 As the Court is well aware, there was a
10:27 16    ex parte reexamination on this patent.  Claim 1, which
10:27 17    is a method claim for doing the same thing, was
10:27 18    invalidated.
10:27 19                 Claim 13 is an apparatus claim for doing
10:27 20    the same thing.  It was held valid on the sole basis,
10:27 21    the examiner said, just because of these structural
10:27 22    limitations.  They're not in the prior art.
10:27 23                 So this is literally the only thing
10:27 24    holding this claim together.  And the expert and WSOU
10:28 25    put on zero evidence of the only two limitations of

10:28 1  this structural claim.
10:28 2              So this is why I think we're in the rare.
10:28 3  And we understand the Court's practice is often to
10:28 4  reserve on these sorts of things.  This is really one
10:28 5  of those cases where we ought not to be sending this
10:28 6  case to the jury.  There's nothing for them to decide.
10:28 7  There's no evidence on which they could base a
10:28 8  conclusion of infringement.
10:28 9              The last point I want to make, Your
10:28 10 Honor, is on a different element of the claim.  The
10:28 11 last element of the claim talks about processing the
10:28 12 packets such that packets that are destined for an
10:28 13 egress node that is congested or handled differently
10:28 14 with a different priority than packets that are sent to
10:28 15 a non-congested node.
10:28 16             Again, we looked really carefully at the
10:28 17 testimony last night because we have it so quickly.
10:28 18 And there was zero testimony other than, "yes.  I think
10:28 19 that element is met," that showed how priorities are
10:29 20 changed.
10:29 21             The witness testified about how he
10:29 22 thought bandwidth was changed or that it is handled
10:29 23 differently, but never did he explain how the
10:29 24 priorities are changed.  In fact, he testified that the
10:29 25 priority is set based on traffic type, which is exactly

```
10:29   1   how the product works.
10:29   2              But he never -- and look.  If he had
10:29   3   said, but here's why I think that means changing the
10:29   4   priority, that's, you know, that's fine.  He didn't.
10:29   5   He just didn't.
10:29   6              He -- and I understand that he was in a
10:29   7   difficult position because he hadn't offered those
10:29   8   opinions, but it's just not in the record.
10:29   9              And so, Your Honor, we move for judgment
10:29  10   under Rule 50(a) that there is no infringement.  We
10:29  11   also have bases that are going to be addressed in the
10:29  12   papers, but I would really like just to focus on that
10:29  13   part.
10:29  14              THE COURT:  And for the record, I think
10:29  15   it was raised through my law clerk, the issue that you
10:29  16   all -- the defendant has an issue on 101.
10:29  17              MR. ROSENTHAL:  We do.  You're right.
10:29  18              THE COURT:  But on that, I'm going to
10:30  19   wait to decide that until -- setting aside what we're
10:30  20   going to do right now, I'm not going to take up the 101
10:30  21   right now.  I'll take that up at the end of trial.
10:30  22              MR. ROSENTHAL:  I figured as much.  That
10:30  23   is in our papers.  We also addressed -- just so you're
10:30  24   not surprised, we also addressed the standing because
10:30  25   our appellate folks believed that we ought to put that
```

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
| 11:27 | 1  | between every endpoint, so it's collecting node              |
| 11:27 | 2  | information.                                                 |
| 11:27 | 3  | And then he struck that -- that last part                    |
| 11:27 | 4  | of that answer was stricken as an objection by               |
| 11:27 | 5  | Mr. Rosenthal, but I wanted to make sure the Court was       |
| 11:27 | 6  | aware of that citation in the record as well.                |
| 11:27 | 7  | THE COURT: Anything else, Mr. Rosenthal?                     |
| 11:27 | 8  | MR. ROSENTHAL: No, Your Honor.                               |
| 11:28 | 9  | (Off-the-record bench conference.)                           |
| 11:28 | 10 | THE COURT: The Court is going to grant                       |
| 11:28 | 11 | the motion for directed verdict.                             |
| 11:28 | 12 | The plaintiff will have an opportunity to                    |
| 11:28 | 13 | file a written response to the defendants' motion.  You      |
| 11:28 | 14 | all can do whatever normal back-and-forth pleading           |
| 11:28 | 15 | there is, and then we will -- because we'll need to get      |
| 11:28 | 16 | a written order up for it.                                   |
| 11:28 | 17 | So that takes care of the case.  I will                      |
| 11:28 | 18 | talk to the jury and let them know that we have              |
| 11:28 | 19 | resolved the case.                                           |
| 11:28 | 20 | And I thank you for being here.                              |
| 11:28 | 21 | (Hearing adjourned.)                                         |
|       | 22 |                                                              |
|       | 23 |                                                              |
|       | 24 |                                                              |
|       | 25 |                                                              |

```
1   UNITED STATES DISTRICT COURT  )

2   WESTERN DISTRICT OF TEXAS     )

3

4

5              I, Kristie M. Davis, Official Court

6   Reporter for the United States District Court, Western

7   District of Texas, do certify that the foregoing is a

8   correct transcript from the record of proceedings in

9   the above-entitled matter.

10             I certify that the transcript fees and

11  format comply with those prescribed by the Court and

12  Judicial Conference of the United States.

13             Certified to by me this 26th day of

14  February 2023.

15
                         /s/ Kristie M. Davis
16                       KRISTIE M. DAVIS
                         Official Court Reporter
17                       800 Franklin Avenue
                         Waco, Texas 76701
18                       (254) 340-6114
                         kmdaviscsr@yahoo.com
19

20

21

22

23

24

25
```

11:28

*KRISTIE M. DAVIS, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (WACO)*