NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

───────────────────

**WSOU INVESTMENTS LLC, dba Brazos Licensing and Development,**
*Plaintiff-Appellant*

v.

**DELL TECHNOLOGIES INC., DELL, INC., EMC CORPORATION, VMWARE, INC.,**
*Defendants-Appellees*

───────────────────

2023-1758

───────────────────

Appeal from the United States District Court for the Western District of Texas in No. 6:20-cv-00480-ADA-DTG, Judge Alan D. Albright.

-------------------------------------------------

**WSOU INVESTMENTS LLC, dba Brazos Licensing and Development,**
*Plaintiff-Appellant*

v.

**DELL TECHNOLOGIES INC., DELL, INC., EMC CORPORATION, VMWARE, INC.,**
*Defendants-Appellees*

───────────────────

2023-1759

Appeal from the United States District Court for the Western District of Texas in No. 6:20-cv-00481-ADA-DTG, Judge Alan D. Albright.

---

**WSOU INVESTMENTS LLC, dba Brazos Licensing and Development,**
*Plaintiff-Appellant*

v.

**DELL TECHNOLOGIES INC., DELL, INC., EMC CORPORATION, VMWARE, INC.,**
*Defendants-Appellees*

2023-1761

Appeal from the United States District Court for the Western District of Texas in No. 6:20-cv-00486-ADA-DTG, Judge Alan D. Albright.

**ON MOTION**

Before PROST, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

# O R D E R

Dell Technologies Inc., Dell, Inc., EMC Corp., and VMware, Inc. (collectively, "Dell") move to dismiss the above-captioned appeals as premature. WSOU

Investments LLC ("WSOU") opposes, or, in the alternative, requests deactivation. For the following reasons, we dismiss Appeal No. 2023-1758 and deactivate Appeal Nos. 2023-1759 and 2023-1761.[1]

WSOU filed the above-captioned cases alleging patent infringement of three patents: U.S. Patent Nos. 9,164,800; 7,092,360; and 7,539,133. The district court consolidated the cases, which ultimately went to trial. On February 21, 2023, the district court held a hearing concerning the '800 and '360 patent cases and announced from the bench that it was granting appellees' motion "under Rule 56 . . . for judgment as a matter of law that there is no direct infringement" and "that there are no damages for those two [patents]." Appeal No. 2023-1758, ECF No. 4-2 at 7–10 (Tr. 130:25–133:22).

Two days later, on February 23, 2023, the district court held a hearing for the '133 patent case. At the hearing, appellees made an oral "Rule 50(a) motion" focused on non-infringement, which the district court granted. Appeal No. 2023-1758, ECF No. 4-3 at 7–8 (Tr. 679:24–680:13; 722:10–20). The court then noted that it would prepare a written order after the parties filed their written submissions regarding the motion. *Id.* at 50 (Tr. 722:10–21). The court had also noted that it would "take [defendants' 35 U.S.C. § 101 argument] up at the end of trial." *Id.* at 12 (Tr. 684:14–21). WSOU filed a notice of appeal for each case.

---

[1] "[C]onstituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party," so we assess the finality of the district court's decision for each of the consolidated cases individually. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

In general, we only have jurisdiction to review a "final decision of a district court." 28 U.S.C. § 1295(a)(1); *see FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 273–74 (1991) ("For a ruling to be final, it must end the litigation on the merits, and the judge must clearly declare his intention in this respect." (cleaned up)). Here, the parties appear to agree that issues remain for the district court to resolve in each case such that there is no final decision in any of the cases. *See* Appeal No. 2023-1758, ECF No. 4-1 at 6 (noting no "final ruling on the dispositive motions" has been entered), ECF No. 1-2 at 2–3 (noting anticipated "forthcoming order[s]" addressing the merits in each case). But that does not completely resolve the matter.

Even where there is no final decision, federal courts have long recognized that a premature notice of appeal can become effective under certain circumstances. *See Buffkin v. Dep't of Def.*, 957 F.3d 1327, 1333 (Fed. Cir. 2020). For example, under Federal Rule of Appellate Procedure 4(a)(2), "[a] notice of appeal filed after the court announces a decision . . . is treated as filed on the date of and after the entry" of final judgment. That rule "only [applies, however,] when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment," *FirsTier*, 498 U.S. at 276 (emphasis in original).[2]

Rule 4(a)(2) cannot save WSOU's appeal in the '133 patent case from being dismissed because the district court clearly indicated that its bench ruling did not end the

---

[2] Although the Supreme Court did not address "the operation of the Rule when the jurisdiction of the court of appeals is founded on a statute other than [28 U.S.C.] § 1291," *FirsTier*, 498 U.S. at 274 n.4, we have applied the Court's holding to analogous district court appeals under 28 U.S.C. § 1295(a)(1), *see PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1366 (Fed. Cir. 2007).

court's involvement with the merits of the case—the parties were directed to file written submissions regarding Dell's motion and the court expressly noted that it had not yet resolved the § 101 issue.  Thus, it was unreasonable for WSOU to understand the court's bench ruling to be an immediately appealable final decision and WSOU provides no persuasive argument for us to deactivate, rather than dismiss, such a clearly premature appeal. *See Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 924 (8th Cir. 2006) (finding unresolved issues at the time of appeal defeated application of Rule 4(a)(2)).

However, we reach a different conclusion about the district court's bench ruling in the '800 and '360 patent cases. The record of that ruling and the parties' submissions provided to this court indicate ambiguity as to whether the district court thought there was anything left for it to do other than enter final judgment in those cases. *See* Appeal No. 2023-1758, ECF No. 4-2 at 5–10 (Tr. 129:23–130:15; 128:19–133:21).  The parties appear to now agree that no final decision has been entered and that these appeals are premature, but WSOU's decision to immediately appeal from the district court's bench ruling in those cases was not so unreasonable as to bar application of Rule 4(a)(2).  *See FirsTier*, 498 U.S. at 277 ("Under such circumstances, [appellant's] belief in the finality of the January 26 bench ruling was reasonable, and its premature February 8 notice therefore should be treated as an effective notice of appeal from the judgment entered on March 3.").

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted to the following extent. Appeal Nos. 2023-1759 and 2023-1761 are deactivated. Within 30 days from the date of entry of final judgment, the parties are directed to inform the court how they think those appeals should proceed.

(2) Appeal No. 2023-1758 is dismissed for lack of jurisdiction. Each party shall bear its own costs with respect to Appeal No. 2023-1758.

FOR THE COURT

June 8, 2023
Date

/s/ Jarrett B. Perlow
Jarrett B. Perlow
Acting Clerk of Court

ISSUED AS A MANDATE (Appeal No. 2023-1758 only): June 8, 2023